**Alfonso SAENZ, Appellant,**

v.

**SOUTHERN UNION GAS COMPANY, Appellee.**

No. 08–95–00170–CV.

Court of Appeals of Texas, El Paso.

Feb. 15, 1996.

Rehearing Overruled March 13, 1996.

Mike Milligan, El Paso, for Appellant.

John Landrum Foster, Minton, Burton, Foster & Collins, Austin, for Appellee.

Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

## OPINION

LARSEN, Justice.

In this appeal, Alfonso Saenz challenges the trial court's summary judgment favoring his former employer, Southern Union Gas Company (SUG). Finding that the trial court erred in granting summary judgment without requiring SUG to first file special exceptions and allowing plaintiff the opportunity to amend, we reverse and remand for further proceedings.

## FACTS

Alfonso Saenz was employed by SUG for thirty-one years. On April 6, 1988, he sustained an on-the-job back injury. As a crew member in the construction and maintenance department, it was Saenz's main duty to operate a backhoe. He received worker's compensation benefits for the first six months after the injury and worked on an irregular basis during the two years following. After settling his compensation claim in early 1990, Saenz contacted Betty Martin, the Personnel and Safety Coordinator for SUG, about returning to work. Saenz could not return to his former position without accommodation because his medical limitations would not permit him to perform the job's physical requirements. He asked repeatedly that SUG give him a light duty job or make other accommodations that would permit him to return to work. SUG made no accommodations, but informed Saenz he would be considered for other positions when his medical condition improved or a job for which he was qualified became available. He has never been offered another position with his former employer.

After Saenz's initial efforts to return to work were unsuccessful, his attorney informed SUG that if they fired Saenz, he would file suit alleging discrimination under TEX.REV.CIV.STAT.ANN. art. 8307c (now TEX.LABOR CODE ANN. § 451.001 (Vernon Pamph.1996) as well as raise discrimination claims on the basis of age, national origin, and disability under applicable state and federal statutes. When SUG did not comply with Saenz's requests to accommodate his limitations, he filed this suit, which claimed that "[a] significant motivating factor underlying [SUG's] conduct ... was a desire to discharge and otherwise discriminate against Plaintiff because he notified Defendant that he had sustained a compensable injury...."

## SUMMARY JUDGMENT SHOULD NOT ISSUE ON DEFECTIVE PLEADINGS

SUG's motion for summary judgment alleged that Saenz has not stated an actionable claim; Saenz counters that he has alleged discrimination, prohibited under the labor code. SUG's motion for summary judgment states one ground only:

The Defendant is entitled to judgment as a matter of law because the Plaintiff fails to allege a cause of action recognized at law. In Plaintiff's admissions and in Plaintiff's Original Petition, ... the Plaintiff alleges that the Defendant breached its duty to consider reasonable accommodations that would have enabled Plaintiff to continue working. Defendant would show that it has no such duty. Although there are accommodation requirements under the Americans With Disabilities Act and/or the Texas Commission on Human Rights Act, Plaintiff has not pursued remedies under those Acts. Further, no accommodation requirement is imposed upon Texas employers by the Workers' Compensation Act. Lastly, the common law imposes no accommodation requirement upon Texas employers. Therefore, Plaintiff seeks to impose a duty upon the Defendant that does not exist at law.

SUG made no attempt to file special exceptions to plaintiff's pleading before filing its motion for summary judgment. Neither did the trial court give Saenz the opportunity to amend his claim before dismissing the suit. Saenz asserts on appeal that he has made out a valid cause of action under the labor code. He claims SUG "otherwise discriminated" against him by refusing to provide accommo-

dation for his physical limitations, while it made special accommodation for workers with disabling conditions not caused by on-the-job injuries. SUG counters that Saenz has allowed admissions to be deemed against him, establishing SUG's right to judgment as a matter of law.

■ Saenz asserts that summary judgment is not the proper vehicle for a purely legal challenge such as this: rather, special exceptions are the appropriate mode for making a claim that no cause of action has been alleged. We agree. Summary judgment should not be based on a pleading deficiency that might be cured by amendment. *In the Interest of B.I.V.*, 870 S.W.2d 12, 13 (Tex.1994); *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex.1983); *Texas Department of Corrections v. Herring*, 513 S.W.2d 6, 9 (Tex.1974). Whether pleadings fail to state a cause of action may not be resolved by summary judgment. *Massey,* 652 S.W.2d at 934. Special exceptions are the appropriate method for claiming that plaintiff has failed to state a cause of action, because plaintiffs must have an opportunity to cure a deficient petition by amendment before their lawsuit is dismissed as failing to state an actionable claim. *B.I.V.,* 870 S.W.2d at 13.

■ Here, appellee makes much of a deemed admission to which the parties agreed as a means of narrowing the issues to purely legal questions. The admissions, SUG urges, change the normal summary judgment standard of review, precluding Saenz from presenting any evidence contradicting them.

The admission reads:

With the skills you had and medication limitations imposed as of November 11, 1991, you could not meet the job requirements for any existing position at Southern Union Gas Company without Defendant accommodating you by restructuring its job requirements for that position.

Your only complaint with the Defendant in this case is that it breached its duty under the Texas Workers' Compensation Act to consider reasonable accommodations which would have enabled you to continue working after your injury.

In response to SUG's motion for summary judgment, plaintiff filed an affidavit alleging that he has been subject to discrimination prohibited by the labor code because other employees, injured while off the job, were provided accommodation while Saenz and others injured on the job received no similar accommodation. This allegation, while conclusory in the summary judgment context, would be appropriate in an amended pleading responding to a special exception.

We find the presence of deemed admissions does not alter the requirement that a challenge to the legal sufficiency of a cause of action must be made by special exception, with the opportunity for amendment before a cause of action is dismissed. We cannot agree with SUG's assertion that the deemed admissions in this case rendered a special exception unnecessary. We will not hold as a matter of law that plaintiff could not amend his claims to state a cause of action under the labor code. For this reason, we conclude that the trial court erred in granting summary judgment before special exceptions, with their accompanying chance to amend, were filed and ruled upon.

## CONCLUSION

We reverse the summary judgment in favor of Southern Union Gas Company and remand for further proceedings in accordance with this opinion.