Alfonso SAENZ, Appellant,

v.

**SOUTHERN UNION GAS COMPANY, Appellee.**

No. 08–98–00175–CV.

Court of Appeals of Texas, El Paso.

July 29, 1999.

Mike Milligan, El Paso, for Appellant.

Michael Leonard Ray Burnett, John Landrum Foster, Minton Burton Foster & Collins, Austin, for Appellee.

Before Panel No. 4 BARAJAS, C.J., LARSEN, and McCLURE, JJ.

## OPINION

ANN CRAWFORD McCLURE, Justice.

Alfonso Saenz (Saenz) appeals from a summary judgment entered in favor of his former employer, Southern Union Gas Company (SUG). We affirm.

### FACTUAL SUMMARY

In reversing an earlier summary judgment granted in SUG's favor, we summarized the pertinent facts as follows. Alfon-

so Saenz was employed by SUG for thirty-one years. On April 6, 1988, he sustained an on-the-job back injury. As a crew member in the construction and maintenance department, it was Saenz's main duty to operate a backhoe. He received worker's compensation benefits for the first six months after the injury and worked on an irregular basis during the two years following. After settling his compensation claim in early 1990, Saenz contacted Betty Martin, the Personnel and Safety Coordinator for SUG, about returning to work. Saenz could not return to his former position without accommodation because his medical limitations would not permit him to perform the job's physical requirements. He asked repeatedly that SUG give him a light duty job or make other accommodations that would permit him to return to work. SUG made no accommodations, but informed Saenz he would be considered for other positions when his medical condition improved or a job for which he was qualified became available. He has never been offered another position with his former employer. After Saenz's initial efforts to return to work were unsuccessful, his attorney informed SUG that if they fired Saenz, he would file suit alleging discrimination under TEX.REV.CIV.STAT.ANN. art. 8307c (now TEX.LAB.CODE ANN. § 451.001 (Vernon Pamph.1996)) as well as raise discrimination claims on the basis of age, national origin, and disability under applicable state and federal statutes. When SUG did not comply with Saenz's requests to accommodate his limitations, he filed this suit, which claimed that "[a] significant motivating factor underlying [SUG's] conduct ... was a desire to discharge and otherwise discriminate against Plaintiff because he notified Defendant that he had sustained a compensable injury...." *Saenz v. Southern Union Gas Company*, 916 S.W.2d 703, 704 (Tex.App.—El Paso 1996, writ denied).[1]

---

1. In *Saenz*, the trial court granted summary judgment on the ground that Saenz had failed

Following remand, Saenz amended his pleadings to allege that SUG sought to discharge him by denying him accommodations which it routinely granted to employees whose physical limitations did not result from work-related injuries because he pursued a worker's compensation claim. On November 25, 1997, SUG moved for summary judgment pursuant to Tex. R.Civ.P. 166a(i) on the ground that there is no evidence that it discriminated against Saenz in violation of Section 451.001. SUG scheduled the motion for hearing on December 19, 1997. On the due date for his response, December 12, 1997, Saenz filed "Plaintiff's motion to enlarge time for responding to summary judgment motion," in which he recited his belief that the evidence produced in response to the first summary judgment motion is sufficient to meet Rule 166a(i)'s requirement that he point out evidence that raises a fact issue on the challenged element. Then, in an untimely response filed December 15, 1997, Saenz again directed the trial court's attention to the affidavits and exhibits attached to his 1995 response to SUG's first motion for summary judgment. The record does not reflect that the trial court granted leave to file the untimely response. SUG made objections and filed special exceptions to Saenz's summary judgment evidence, but it did not obtain a ruling on them. Following a hearing held on December 19, 1997, the trial court took SUG's motion under advisement while the parties went to mediation.[2] After mediation proved unsuccessful, the trial judge informed SUG's counsel on April 22, 1998 that he had decided to grant the motion and requested that they draft an order granting summary judgment. On that same date, SUG's counsel notified Saenz's attorney of the trial court's ruling. On April 24, 1998, Saenz filed a motion for leave to file a supplemental affidavit by Carlos Gandarilla. The trial court denied Saenz leave to file the affidavit and entered the written order granting summary judgment on May 1, 1998.

Saenz challenges the summary judgment by raising three issues on appeal: (1) whether an employer has a duty to provide an opportunity for a worker's compensation claimant, who can no longer physically perform his old job as a result of his injury, prove that he could perform other jobs; (2) whether the trial court abused its discretion in not granting leave to file Gandarilla's affidavit; and (3) whether SUG's motion for summary judgment is the kind of conclusory or general no-evidence challenge prohibited under Rule 166a(i). SUG initially responds that since Saenz did not file a timely response to the motion for summary judgment, the only issue he may raise on appeal is whether the grounds presented in the motion are insufficient as a matter of law. Saenz, on the other hand, maintains that he was not required to produce summary judgment evidence because SUG's motion is defective, and alternatively, he produced summary judgment evidence by virtue of his response filed to the first motion for summary judgment three years earlier, and then by his motion for leave to file and his response. The answer to the third issue is dispositive of the appeal.

## DEFAULT SUMMARY JUDGMENT

■ After adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. Tex.R.Civ.P. 166a(i). The motion must state the elements as to which there is no evidence. Tex.R.Civ.P. 166a(i). As

---

to state a cause of action for discrimination under former Article 8307c. *Saenz, 916* S.W.2d at 704. We held that the trial court should have required SUG to first file special exceptions and allow Saenz to amend his pleadings rather than granting summary judg-ment for failure to state a cause of action. *Id.* at 705.

**2.** The record of the hearing is not before us on appeal.

explained in the interpretative commentary, the motion must be specific in challenging the evidentiary support for an element of a claim or defense. TEX.R.CIV.P. 166a(i) *cmt.* This rule does not authorize conclusory motions or general no-evidence challenges to an opponent's case. *Id.* The trial court must grant the motion unless the nonmovant produces summary judgment evidence raising a genuine issue of material fact. *Id.* The Supreme Court's interpretive commentary further provides the existing rules continue to govern the general requirements of summary judgment practice. TEX.R.CIV.P. 166a(i) *cmt.*

Although it is not required by Rule 166a(i) to submit any evidence, SUG detailed the summary judgment evidence on which it relied, including Saenz's First Amended Petition, an affidavit of Betty Martin with attached doctor's report, Saenz's Responses to Requests for Admissions, Saenz's Responses to Interrogatories, and excerpts from Saenz's deposition. SUG then alleged that no evidence existed to show that it had acted in a discriminatory manner because Saenz pursued a worker's compensation claim. More specifically, it alleged that Saenz could produce "no evidence that [SUG] had accommodated any other employee who was permanently disqualified from performing the duties of his position due to an injury for which a workers' compensation claim was not asserted by creating for such person theretofore non-existing position with the company." We find that this complies with Rule 166a(i)'s requirement to specifically challenge the evidentiary support for an element of Saenz's discrimination claim. Therefore, the burden shifted to Saenz to produce summary judgment evidence raising a genuine issue of material fact. *See* TEX.R.CIV.P. 166a(i); *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 71 (Tex.App.—Austin 1998, no pet.); *see also* Judge David Hittner & Lynne Liberato, *Summary Judgments in Texas*, 34 HOUS.L.REV. 1303, 1356 (1998)(mere filing of motion shifts burden to respondent to come forward with enough evidence to take case to jury).

■ Rule 166a(c), in relevant part, provides:

> Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response.

Saenz filed his formal response on December 15, only four days before the summary judgment hearing, and nothing in the record before us indicates that the trial court granted leave to file the untimely response or that the court considered the response. When nothing appears of record to indicate that the late filing of the written response was with leave of court, it must be presumed that the trial court did not consider the response. *INA of Texas v. Bryant*, 686 S.W.2d 614, 615 (Tex.1985); *Farmer v. Ben E. Keith Co.*, 919 S.W.2d 171, 176 (Tex.App.—Fort Worth 1996, no writ).

■ The only remaining questions are: (1) whether the existence of Saenz's 1995 summary judgment response and attached evidence contained in the court's file satisfies Rule 166a(i)'s requirement that he produce evidence raising a genuine issue of material fact; and if not, (2) whether Saenz's motion to enlarge time filed on December 12, in which he referenced the evidence produced in the earlier summary judgment response, satisfies that same requirement to produce evidence to defeat the summary judgment motion. We first reject Saenz's contention that merely having the 1995 summary judgment response on file is sufficient to carry his burden to produce evidence under Rule 166a(i). The Supreme Court's comment to Rule 166a(i) provides that "[t]o defeat a motion made under paragraph (I), the respondent is not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements." TEX.R.CIV.P. 166a(i) *cmt.* To marshal one's evidence is to ar-

range *all of the evidence* in the order that it will be presented at trial. *In re Mohawk Rubber Co.*, 982 S.W.2d 494, 498 (Tex.App.—Texarkana 1998, orig. proceeding), *citing* BRYAN A. GARNER, A DICTIONARY OF MODERN LEGAL USAGE 353 (1987). A party is not required to present or arrange all of its evidence in response to a summary judgment motion. *Mohawk*, 982 S.W.2d at 498. However, Rule 166a(i) explicitly provides that in response to a no-evidence summary judgment motion, the respondent must present some summary judgment evidence raising a genuine issue of material fact on the element attacked, or the motion must be granted. *Id.* We hold that a nonmovant does not meet this requirement by the mere existence in the court's file of a response to an earlier summary judgment motion.

█ After noting that a respondent is not required by Rule 166a(i) to marshal its proof but is only required to point out evidence that raises a fact issue on the challenged elements, Saenz stated the following in his motion to enlarge time:

> Plaintiff believes that the evidence produced in response to the first summary judgment motion is sufficient to meet the requirements of the new rule, as explained by the above comment. However, Plaintiff cannot confirm that belief until Monday, December 15, 1997, because the file is unavailable at the District Clerk's office. The Court ordered the file some time ago, but the Clerk supplied the Court only Volume 2 thereof. The first volume, containing the record of the former summary judgment proceedings, is still at the County Archives building, and will not be available until Monday, December 15, 1997. Plaintiff's response to the summary judgment motion is due December 12, 1997, the date this motion is filed. It is impossible for Plaintiff to be certain about what is in the appellate record until this coming Monday, December 15.
> WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that

his deadline for responding to the motion for summary judgment be extended to and including the close of business Monday, December 15, 1997.

Given his request that the deadline for filing a response be extended to December 15, there is little doubt that Saenz did not intend this motion to stand in the place of a response. While we do not interpret Rule 166a(i) as requiring a party to needlessly duplicate evidence already found in the court's file, a party must nevertheless insure that the evidence is properly before the trial court for consideration in resolving the motion for summary judgment. Here, Saenz made no request in the motion that the trial court take judicial notice of the evidence made in response to the first motion for summary judgment nor did he incorporate that response in the motion. Under the circumstances of this case, we conclude that Saenz failed to carry his burden to produce evidence. Accordingly, the trial court was required to grant summary judgment. Issue Three is overruled. Having overruled the only issue Saenz may present on appeal, the judgment of the trial court is affirmed.