Criminal Case Template




COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



AURORA QUESADA,
INDIVIDUALLY AND AS
REPRESENTATIVE OF THE ESTATE
OF JUAN DOMINGUEZ
(DECEASED) AND EFREN
DOMINGUEZ,


 Appellants,


v.


AMERICAN GARMENT FINISHERS,
CORP.,


 Appellee.

§


§


§


§


§

No. 08-02-00092-CV


Appeal from the


County Court at Law No. 7


of El Paso County, Texas


(TC# 99-4457)




MEMORANDUM OPINION



 This is an appeal from a no-evidence summary judgment. For the reasons
explained below, we dismiss in part and affirm in part.

Procedural Background

 In December 1999, Efren Dominquez and Aurora Quesada, acting individually and
as the representative of the estate of Juan Dominguez, commenced this suit against
American Garment Finishers Corporation (AGF). Efren Dominguez was Juan
Dominguez's brother, and Aurora Quesada was Juan Dominguez's mother. The plaintiffs
alleged that Juan Dominguez was exposed to toxic chemicals in the course of his
employment with AGF, that he contracted brain cancer and other diseases as a result of
this exposure, and that he died as a result of these diseases. The plaintiffs sought
damages for gross negligence and assault and battery.

 No party attempted to conduct discovery for over a year after the suit was filed. 
Eventually, both sides filed discovery requests in February and March 2001. AGF filed
objections to the plaintiffs' discovery requests, a motion for extension of time to respond
to the discovery requests, and a motion for partial summary judgment on the plaintiffs'
claims for punitive damages.

 The plaintiffs filed both a response to the motion for partial summary judgment
and a motion for extension of time to respond. The court extended the time for AGF to
respond to discovery requests and also extended the time for the plaintiffs to respond to
the motion for partial summary judgment.

 AGF later filed two other motions for summary judgment. It filed a motion for
summary judgment on Efren Dominguez's claims, arguing that he was not a proper party
to this wrongful death suit because he was Juan Dominguez's brother. It also filed a
motion for summary judgment on all claims, arguing that there was no evidence that AGF
caused Juan Dominguez's death. The plaintiffs did not file a response to this motion. 
The court granted AGF's motion for summary judgment on Efren Dominguez's claims,
and later granted the motion for summary judgment on all of the plaintiffs' claims as well.

Efren Dominguez's Appeal

 AGF argues that Efren Dominguez's appeal is not timely. We agree.

 On September 28, 2001, the trial court granted AGF's motion for summary
judgment on Efren Dominguez's claims and severed those claims from this suit. The
plaintiffs filed a motion for new trial on January 14, 2002, and a notice of appeal on
March 12, 2002.

 The September 28, 2001 summary judgment and severance order was a final
judgment as to Dominguez's claims. See Martinez v. Humble Sand & Gravel, Inc., 875
S.W.2d 311, 312-13 (Tex. 1994). Therefore, to preserve his right to appeal, Dominguez
was required to file either a motion for new trial or a notice of appeal within thirty days of
the date the order was signed. See Tex. R. Civ. P. 329b(a); Tex. R. App. P. 26.1(a). The
motion for new trial was filed over three months after the order was signed, and the notice
of appeal was filed over five months after the order was signed. Thus, the notice of
appeal was untimely. See Tex. R. App. P. 26.1(a). We therefore lack jurisdiction over
Dominguez's appeal, and it must be dismissed. See Laboratory Corp. v. Mid-Town
Surgical Ctr., 16 S.W.3d 527, 529 (Tex. App.--Dallas 2000, no pet.).

Aurora Quesada's Appeal

Issue One

 In her first issue, Quesada argues that the trial court erred in granting the no-evidence summary judgment. Within this issue, she makes several arguments.

 First, Quesada argues that there had not been adequate time for discovery because
AGF never supplied responses to most of her discovery requests. "When a party contends
that it has not had an adequate opportunity for discovery before a summary judgment
hearing, it must file either an affidavit explaining the need for further discovery or a
verified motion for continuance." Tenneco Inc. v. Enterprise Prods. Co., 925 S.W.2d
640, 647 (Tex. 1996); see also Blanche v. First Nationwide Mortgage Corp., 74 S.W.3d
444, 450-51 (Tex. App.--Dallas 2002, no pet.) (applying Tenneco to a no-evidence
summary judgment).

 On September 13, 2001, the trial court set the hearing on AGF's no-evidence
motion for December 14, 2001. Between September 13 and December 14, Quesada did
not file an affidavit or a motion for continuance. In fact, she did not make any type of
request to obtain additional time for discovery or to postpone the summary judgment
hearing. Accordingly, she has waived her argument regarding an adequate time for
discovery. See Blanche, 74 S.W.3d at 450-51.

 Second, Quesada argues that AGF's motion for summary judgment was
insufficient because it was conclusory and did not identify the element as to which there
was no evidence. Quesada did not raise and get a ruling on this issue in the trial court. 
Therefore, the issue is waived. See Tex. R. App. P. 33.1(a); Walton v. City of Midland, 24
S.W.3d 853, 857-58 (Tex. App.--El Paso 2000, no pet.).

 Even if this issue had not been waived, we believe AGF's motion was sufficient. 
A no-evidence motion for summary judgment must specify the element of the claim for
which there is no evidentiary support; the motion must not be conclusory or general. See
Tex. R. Civ. P. 166a(i) Notes & Comments. AGF's motion stated, "Defendant would
show Plaintiffs have produced no evidence that any act or omission by Defendant was the
proximate or producing cause of any damage to Juan Dominguez or any of the other
Plaintiffs." AGF thus specified that there was no evidence regarding the element of
causation. See Crocker v. Paulyne's Nursing Home, 95 S.W.3d 416, 419-20 (Tex. App.--Dallas 2002, no pet. h.) (holding that similar language was sufficient).

 Third, Quesada argues that the attachments to her response to the motion for
partial summary judgment were sufficient to raise a genuine issue of material fact. AGF
argues that Quesada cannot rely on these attachments because she did not request the trial
court to take judicial notice of the attachments or otherwise inform the court that she was
relying on this evidence.

 Once a party files a no-evidence summary judgment motion that specifically
challenges the evidentiary support for an element of the nonmovant's case, the burden
shifts to the nonmovant to produce enough evidence to take the case to the jury. Saenz v.
Southern Union Gas Co., 999 S.W.2d 490, 493 (Tex. App.--El Paso 1999, pet. denied). 
Although the nonmovant is not required to "needlessly duplicate evidence already found
in the court's file," she is required to make sure the evidence is properly before the trial
court for its consideration in ruling on the motion for summary judgment. Id. at 494. "[A]
nonmovant does not meet this requirement by the mere existence in the court's file of a
response to an earlier summary judgment motion." Id. Accordingly, we agree with AGF
that Quesada did not satisfy her burden of producing summary judgment evidence. 
Moreover, we have examined the attachments to Quesada's response to the motion for
partial summary judgment. We conclude that these attachments are insufficient to
preclude summary judgment.

 The standard for determining a no-evidence summary judgment motion is the same
as that for a directed verdict. Steinkamp v. Caremark, 3 S.W.3d 191, 193-94 (Tex. App.--El Paso 1999, pet. denied). Viewing the evidence in the light most favorable to the
nonmovant, we look to see whether there is more than a scintilla of probative evidence to
raise a genuine issue of material fact. Id. at 194. Less than a scintilla exists when the
evidence is so weak as to do no more than create a mere surmise or suspicion. Id.

 AGF's summary judgment motion asserted there was no evidence that AGF caused
Juan Dominguez's injuries and death. Quesada's response to the motion for partial
summary judgment included a document, prepared by a person whose credentials are not
stated, listing substances that have been associated with increasing the risk of brain
cancer. This document is insufficient to raise a fact issue. See Merrell Dow
Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 720 (Tex. 1997) (holding that to raise
a fact issue on causation in a toxic tort case a plaintiff cannot rely merely on studies
showing an increased risk, but must show that he is similar to the participants in the
studies). The response also included affidavits by Aurora Quesada, Efren Dominquez,
and Ramona Dominquez, who was Juan Dominguez's sister-in-law. The affiants stated
that Juan Dominguez worked with chemicals in his job at AGF, AGF did not take
adequate precautions to protect him from the chemicals, and the chemicals caused him to
develop various medical problems. Because there is nothing to demonstrate that the
affiants were competent to give an opinion on causation, these affidavits are insufficient
to create a fact issue. See Coastal Tankships, USA, Inc. v. Anderson, 87 S.W.3d 591, 603
(Tex. App.--Houston [1st Dist.] 2002, pet. denied) (suggesting that expert testimony is
required to establish causation when general experience and common sense would not
enable a lay person to determine the issue).

 At most, the evidence cited by Quesada raises no more than a surmise or
speculation that Juan Dominguez's injuries were caused by his exposure to a chemical at
work. Therefore, the evidence was insufficient to preclude the granting of AGF's
summary judgment motion. Quesada's first issue is overruled.

Issue Two

 In her second issue, Quesada argues that it was unfair for the trial judge to grant
the no-evidence summary judgment motion because her attempts to obtain evidence were
frustrated by AGF's refusal to comply with her discovery requests. She asserts that the
trial judge abused his discretion by not taking control of the discovery process and by not
imposing sanctions on AGF. She complains that the judge refused to hold a hearing on
her motion to compel for nearly six months after her discovery requests were filed. And
she contends that AGF never fully responded to her discovery requests. Having reviewed
the entire record, we cannot say the trial court erred.

 The record does not contain a motion to compel or for sanctions. (1) At a hearing on
May 3, 2001, the judge granted AGF an additional seventy-five days to respond to
discovery because the company had gone out of business and counsel was having
difficulty locating principals in the company with knowledge about the information
requested by Quesada. At that hearing, Quesada's attorney stated that he anticipated
filing a motion to compel. The judge responded, "I don't think you can have a motion to
compel until after the 75 days are up." Counsel replied, "That's true, too. . . . . That will
be fine. We would like to . . . get those answers in." The judge indicated that in order to
give Quesada a fair opportunity to respond to the motion for partial summary judgment,
he intended to continue the hearing on that motion every time he extended the time for
AGF to tender its discovery responses.

 Pursuant to the court's May 3 order, AGF was required to respond to Quesada's
discovery requests by July 17, 2001. That day came and went, yet Quesada's attorney still
did not file a motion to compel. Moreover, Quesada's attorney did not attend the next
two hearings conducted in the case.

 On September 10, 2001, the judge conducted a hearing on AGF's motion to
compel. Quesada's attorney admitted that he had not tendered any responses to AGF's
discovery requests. The judge granted AGF's motion.

 At the September 10 hearing, Quesada's attorney asked if the judge would hear his
motion to compel, although he had not obtained a setting for the motion. He claimed the
motion had been on file since April 1, 2001, but he tendered to counsel a motion that was
apparently dated September 10. Quesada's attorney asked that AGF pay attorney fees
incurred as a result of his efforts to get AGF to respond to discovery requests. The judge
refused to consider the motion to compel that day, but set the motion for a hearing three
days later.

 At the next hearing, the judge ruled on Quesada's motion to compel by considering
each of AGF's objections to the discovery requests, granting some of the objections and
overruling others. The judge ordered AGF to respond to Quesada's discovery requests
within thirty days. At no point during this hearing did counsel request that AGF be
sanctioned. The judge also granted a motion for continuance filed by Quesada. He
announced in open court and in the presence of counsel that the hearing on AGF's no-evidence motion for summary judgment would be conducted on December 14, 2001. 
Quesada's attorney did not appear for the summary judgment hearing and did not file a
response to the motion.


 Although the record reflects that AGF at least partially responded to Quesada's
discovery requests, it is not clear whether it had fully responded at the time the summary
judgment was granted. But we do not fault the trial judge for any incompleteness in the
discovery responses. Our review of the record reveals that the trial judge attempted to be
fair to both sides in granting extensions of time and in continuing the case. Quesada's
attorney, on the other hand, did not present or obtain a ruling on a motion for sanctions,
did not seek another continuance based on the incompleteness of AGF's responses, and
did not even attend several hearings, including the hearing on the summary judgment
motion. Under these circumstances, we discern no abuse of discretion by the trial judge. 
See Tex. R. App. P. 33.1(a); Tenneco, 925 S.W.2d at 647. The second issue is overruled.Conclusion

 For the reasons stated herein, Efren Dominguez's appeal is dismissed, and the trial
court's December 14, 2001 summary judgment order is affirmed.


 SUSAN LARSEN, Justice

April 17, 2003


Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.

1. Quesada has filed an appendix to her brief, containing a motion to compel that is dated
September 10, 2001. The motion does not have a file-stamp and is not included in the clerk's
record. This document is not properly before us and will not be considered. See Till v. Thomas,
10 S.W.3d 730, 733 (Tex. App.--Houston [1st Dist.] 1999, no pet.).