COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




DONALD LARNED, JR.,

                            Appellant,

v.


GATEWAY EAST, INC. d/b/a 6070
GATEWAY EAST L.P.,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-05-00093-CV

Appeal from the

327th District Court 

of El Paso County, Texas 

(TC# 2002-3365)




O P I N I O N

           Appellant Donald Larned, Jr., acting pro se, appeals the no-evidence summary
judgment granted in favor of Appellee Gateway East, Inc. (“Gateway East”). On appeal,
Appellant contends the trial court erred by granting summary judgment in favor of Gateway
East. We affirm the judgment of the trial court.
I. FACTUAL AND PROCEDURAL BACKGROUND
           On the morning of October 18, 2000, Appellant and Ms. Barbara Tovar


 were leaving
the offices of their employer, Gulf Industries, located on the fifth floor of the Reddington
Building located at 6070 Surety Drive in El Paso, Texas. The Reddington Building is owned
and operated by Gateway East. Appellant entered the elevator on the fifth floor, and as soon
as the elevator’s door closed, the elevator dropped at an extremely high speed, bouncing
violently before coming to a sudden stop just a few feet from the first floor. On August 29,
2002, Appellant filed an original petition, followed by an amended petition alleging that he
suffered serious injuries as a result of Gateway East’s negligence.
           Gateway East responded with a general denial and subsequently filed a third-party
petition against Otis Elevator Company


 alleging that it had been sued as a result of Otis
Elevator’s conduct, negligent or otherwise, asserting further that they were liable for any and
all damages assessed against Gateway East in the original suit. Thereafter, Otis Elevator and
Gateway East entered into an agreement wherein Otis Elevator agreed to indemnify Gateway
East against any judgment entered against Gateway East in the original suit and that they
would further take over the defense of Gateway East in exchange for Gateway East agreeing
to fully cooperate with Otis Elevator’s pursuit of their defense. Gateway East then filed a
motion to dismiss its third-party claim against Otis Elevator. The motion was granted,
dismissing the suit against Otis Elevator on November 29, 2004. After filing a motion to
substitute lead counsel for Gateway East, Gateway East filed a no-evidence motion for
summary judgment. In its motion, Gateway East alleged that Appellant failed to present: (1)
any evidence of any condition on the premises that created an unreasonable risk of harm; (2)
any evidence of Gateway East’s knowledge, or a reason why it should have known of any
such condition; (3) any evidence that Gateway East failed to use ordinary care to protect
Appellant from the alleged danger; (4) any evidence showing that Gateway East was the
proximate cause of the alleged injuries.
           At the hearing on the no-evidence summary judgment motion filed by Gateway East,
Kevin Logan appeared before the court and announced that he was acting on behalf of
Appellant through authority granted to him by a durable power of attorney. At the time,
Appellant was incarcerated and could not be present for the hearing. At this time, it also
came to light that Appellant had not filed a response to Gateway East’s no-evidence motion
for summary judgment. Mr. Logan indicated to the court that he did not know he was
required to respond. After expressing concerns regarding Mr. Logan’s ability to represent
Appellant through a power of attorney and expressing a preference that Appellant be present
at the hearing with counsel, the trial court nevertheless went ahead and considered the
motion. Gateway East’s counsel did not express any objection to Mr. Logan acting on a pro
se basis for Appellant. The trial court informed Mr. Logan that without a response, it would
have to grant the motion. Mr. Logan did not provide a response but rather indicated to the
court that he had filed a motion to have lead counsel for Gateway East removed due to a
conflict of interest. The trial court denied Mr. Logan’s motion and then proceeded to grant
the no-evidence summary judgment motion. This appeal follows.



II. DISCUSSION
           We construe Appellant’s issue on appeal as challenging the trial court’s granting of
the no-evidence summary judgment in favor of Gateway East.
           A pro se litigant is held to the same standards as licensed attorneys and must comply
with applicable laws and rules of procedure. Strange v. Cont’l Cas. Co., 126 S.W.3d 676,
677 (Tex. App.--Dallas 2004, pet. denied). On appeal, as at trial, the pro se appellant must
properly present its case. Id. at 678. The rules of appellate procedure require an appellant’s
brief to contain “a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record.” Tex. R. App. P. 38.1(h).
           At the outset, we note that Appellant’s issue is minimally briefed and does not
properly preserve error for review by this Court. In making his argument, Appellant does not
cite to any legal authority to support his appellate argument. See Tex. R. App. P. 38.1(h);
Stephens v. Dolcefino, 126 S.W.3d 120, 125-26 (Tex. App.--Houston [1st Dist.] 2003, pet.
denied); Franz v. Katy Indep. Sch. Dist., 35 S.W.3d 749, 755 (Tex. App.--Houston [1st Dist.]
2000, no pet.). As stated above, Rule 38 requires Appellant to provide us with such
discussion of the facts and the authorities relied upon as may be requisite to maintain the
point at issue. See Tex. R. App. P. 38.1(g); Tesoro Petroleum Corp. v. Nabors Drilling USA,
Inc., 106 S.W.3d 118, 128 (Tex. App.--Houston [1st Dist.] 2002, pet. denied); Franklin v.
Enserch, Inc., 961 S.W.2d 704, 711 (Tex. App.--Amarillo 1998, no pet.). This is not done
by merely uttering brief conclusory statements, unsupported by legal citations. Tesoro
Petroleum Corp., 106 S.W.3d at 128. An issue on appeal usupported by argument or citation
to legal authority presents nothing for the court to review. Strange, 126 S.W.3d at 678. By
presenting such attenuated, unsupported argument, Appellant waives his complaint and we
overrule his single issue on appeal.
           Further, having determined that Appellant’s sole issue should be overruled, we note,
considering the merits, we also affirm the trial court’s decision.
           After adequate time for discovery, a party may move for summary judgment on the
ground that there is no evidence of one or more essential elements of a claim or defense on
which an adverse party would have the burden of proof at trial. Tex. R. Civ. P. 166a(i);
Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68, 70 (Tex. App.--Austin 1998, no pet.). The
motion must state the elements as to which there is no evidence, and must grant the motion
unless the respondent produces summary judgment evidence raising a genuine issue of
material fact. Tex. R. Civ. P. 166a(i); Jackson, 979 S.W.2d at 70. The party with the burden
of proof at trial thus has the burden of proof in the summary-judgment proceeding. Flameout
Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830, 834 (Tex. App.--Houston [1st Dist.] 1999, no pet.).
           The respondent need not “marshal its proof” as for trial and need only “point out”
evidence that raises a fact issue on the challenged elements. See Tex. R. Civ. P. 166a(i);
Saenz v. Southern Union Gas Co., 999 S.W.2d 490, 493-94 (Tex. App.--El Paso 1999, pet.
denied). If the respondent does not produce more than a scintilla of evidence to raise a
genuine issue of material fact on the challenged element or elements, the trial court “must”
grant the motion. Tex. R. Civ. P. 166a(i); Saenz, 999 S.W.2d at 494. In this case, it is
undisputed that Appellant failed to file a response to Gateway East’s no-evidence motion for
summary judgment. During the hearing on the motion, there was no summary judgment
evidence filed to controvert the no-evidence motion filed by Gateway East. In light of the
pleadings on file and the record before us, we hold that under Tex. R. Civ. P. 166a(i),
Appellant failed to meet his burden to defeat Gateway East’s no-evidence summary judgment
motion and as such, the trial court was required to grant the no-evidence summary judgment
in favor of Gateway East. See Saenz, 999 S.W.2d at 494; see also Jackson, 979 S.W.2d at
70-71. Appellant’s single issue on appeal is overruled.
 

           Having overruled Appellant’s sole issue on review, we affirm the judgment of the trial
court.
 
                                                                  RICHARD BARAJAS, Chief Justice

January 26, 2006

Before Barajas, C.J., McClure, and Parks, JJ.
Parks, J., sitting by assignment