NUMBER 13-06-705-CV



COURT OF APPEALS
 


THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


CAROL A. CREELY, Appellant,


v.


CORPUS CHRISTI FOOTBALL 

TEAM, INC., D/B/A CORPUS 

CHRISTI HAMMERHEADS, INC., 

AND CHAD DITTMAN, Appellees.

 


On appeal from the 105th District Court 


of Nueces County, Texas.

 

 

MEMORANDUM OPINION



Before Justices Yañez, Garza, and Benavides


Memorandum Opinion by Justice Garza
 

 Appellant, Carol A. Creely, appeals from the granting of a no-evidence motion for
summary judgment, see Tex. R. Civ. P. 166a(i), and a traditional motion for summary
judgment, see Tex. R. Civ. P. 166a(b), in favor of appellee, Corpus Christi Football Team,
Inc., d/b/a Corpus Christi Hammerheads, Inc. ("Hammerheads"). By one issue, Creely
contends there are fact issues precluding summary judgment. We affirm.

I. Background

 Creely is the owner of Corpus Christi All-Star Gym, a facility where children are
trained in tumbling, cheerleading, and other physical activities. Pursuant to a contract with
the Hammerheads, she became an official sponsor of the Hammerheads Cheerleaders
and Shark Attack Rowdy Squad. In exchange for various types of advertising, Creely
agreed to organize half-time performances by the cheerleading and tumbling camp
participants.

 During a football game, Creely was getting ready for a half-time performance and
was standing 25 to 30 feet into what she describes as a "tunnel," which is located at the
end of the stadium next to the stage. A football from the field flew into the tunnel and hit
her, injuring her left thumb. The injury required surgery.

 Creely sued the Hammerheads for failing to exercise reasonable care in ensuring
her safety during the football event. The Hammerheads moved for summary judgment on
no-evidence grounds, alleging there was no evidence that: (1) the Hammerheads owed
Creely a duty; (2) there was a breach of any duty, (3) she was injured as a result of any
breach, or (4) any breach of that duty was the proximate cause of her injuries. In their
traditional motion for summary judgment, the Hammerheads argued the affirmative
defense of "assumption of risk". They argued that they proved their defense, that Creely
assumed the risk of being injured, as a matter of law. The trial court granted the motions
in their entirety. However, the trial court did not specify the grounds for granting the
motions. 

II. Standard of Review

 The standards for reviewing summary judgment are well established. See Tex. R.
Civ. P. 166a(c), 166a(i); Nixon v. Mr. Property Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex.
1985). When a defendant moves for summary judgment under rule 166a(i), asserting that
no evidence exists as to one or more elements of a plaintiff's claim, the burden is on the
plaintiff to present evidence to raise a genuine issue of material fact on each of the
challenged elements on which the plaintiff has the burden of proof at trial. Tex. R. Civ. P. 
166a(i); Gen. Mills Rest., Inc. v. Tex. Wings, Inc., 12 S.W.3d 827, 832 (Tex. App.-Dallas
2000, no pet.).

 Under a traditional motion for summary judgment, the movant must establish that
no material fact issue exists and that it is entitled to judgment as a matter of law. Tex. R.
Civ. P. 166a(c); Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002). After the
movant produces evidence sufficient to show it is entitled to summary judgment, the
nonmovant must then present evidence raising a fact issue. See Walker v. Harris, 924
S.W.2d 375, 377 (Tex. 1996). 

 When a trial court's order granting summary judgment does not specify the ground
or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of
the theories advanced are meritorious. Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242
(Tex. 2001). We first consider the no evidence motion for summary judgment and begin
with analyzing the legal duty owed to Creely.

III. Analysis

 To sustain a cause of action for negligence, Creely had to show (1) the existence
of a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach
of that duty. El Chico Corp. v. Poole, 732 S.W.2d 306, 311 (Tex. 1987). Duty is the
threshold inquiry in all negligence cases, see Graff v. Beard, 858 S.W.2d 918, 919 (Tex.
1993), and is a question of law for the court to decide from the facts surrounding the
occurrence in question. Lefmark Mgmt. Co. v. Old, 946 S.W.2d 52, 53 (Tex. 1997);
Greater Houston Transp. Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990).

 In her response to the motions for summary judgment, Creely attached a copy of
the agreement she entered into with the Hammerheads. Clearly, by virtue of the
agreement, Creely was an invitee on the premises. An "invitee" is defined as "a person
who goes on the premises of another in answer to the express or implied invitation of the
owner or occupant on the business of the owner or occupant or for their mutual
advantage." Silva v. Spohn Health Sys. Corp., 951 S.W.2d 91, 94 (Tex. App.-Corpus
Christi 1997); Tex. Power & Light Co. v. Holder, 385 S.W.2d 873, 885 (Tex. Civ.
App.-Tyler 1964, writ ref'd n.r.e.). Creely's status as an invitee is undisputed. 

 The general rule is that an owner or occupier of land has a duty to use reasonable
care to keep the premises under his control in a safe condition and to use reasonable care
to protect an invitee from reasonably foreseeable injuries. See Redinger v. Living, Inc.,
689 S.W.2d 415, 417 (Tex. 1985); Rosas v. Buddies Food Store, 518 S.W.2d 534, 537
(Tex. 1975). This duty of reasonable care applies to stadium owners. Friedman v.
Houston Sports Ass'n, 731 S.W.2d 572, 574 (Tex. App.-Houston [1st Dist.] 1987, writ ref'd
n.r.e.). (1) Thus, we conclude the evidence was sufficient to establish that the Hammerheads
owed Creely a duty of reasonable care.

 Next, we consider whether there was a breach of that duty. In her appellate brief,
Creely argues that she was "25-30 feet in a tunnel area where the playing field was not
within view and where flying objects are not a foreseeable expectation. . . . Appellee was
bound to exercise reasonable care commensurate with the circumstances of someone who
was not a patron or spectator standing in an area where a patron or spectator would not
be expected to be watching the sporting event. Appellee's duty was to protect such person
against injury." In her response to appellee's motion for summary judgment, Creely
attached excerpts from her deposition testimony as evidence. In her deposition testimony,
Creely merely describes how the incident leading to her injury occurred. 

 To defeat a motion made under paragraph 166a(i), the respondent is not required
to marshal its proof; its response need only point out evidence that raises a fact issue on
the challenged elements. Tex. R. Civ. P. 166a(i); Saenz v. So. Union Gas Co., 999 S.W.2d
490, 493 (Tex. App.-El Paso 1999, pet. denied). The rule explicitly provides, however, that
in response to a no-evidence motion, the respondent must present some summary
judgment evidence raising a genuine issue of material fact on the elements attacked, or
the motion must be granted. Tex. R. Civ. P. 166a(i); see Michael v. Dyke, 41 S.W.3d 746,
751 (Tex. App.-Corpus Christi 2001, no pet.); Saenz, 999 S.W.2d at 494. Although the
nonmovant is not required to "needlessly duplicate evidence already found in the court's
file," she is required to ensure that the evidence is properly before the trial court for its
consideration in ruling on the motion for summary judgment. Saenz, 999 S.W.2d at 494. 

 Here, Creely's response did not set forth any argument or provide or direct the
court's attention to any evidence demonstrating how the Hammerheads failed in their duty
to protect her or how they should have protected her from this injury. Thus, she failed to
meet her burden of presenting evidence to raise a genuine issue of material fact on how
the Hammerheads breached their duty to her. Gen. Mills Rest., Inc. at 832; see Tex. R.
Civ. P. 166a(i). Accordingly, we conclude the trial court did not err in granting appellee's
no evidence motion for summary judgment. (2)

 The judgment of the trial court is affirmed.

 

 

 DORI CONTRERAS GARZA,

 Justice


Memorandum Opinion delivered and 

filed this the 23rd day of August, 2007.

1. The majority of the cases cited by appellant and appellee deal with baseball stadium incidents and
recognize that once the stadium owner has provided "adequately screened seats" for all those desiring them,
the stadium has fulfilled its duty of care as a matter of law. Friedman v. Houston Sports Ass'n, 731 S.W.2d
572, 574 (Tex. App.-Houston [1st Dist.] 1987, writ ref'd n.r.e.) (citing McNiel v. Fort Worth Baseball Club, 268
S.W.2d 244, 246 (Tex. Civ. App.-Fort Worth 1954, writ ref'd)). 

 

 We see a distinction between baseball and football because of the nature of foul balls but, given our
disposition, we do not reach the issue of how a football stadium owner fulfills its duty of care as a matter of
law.
2. Because of our disposition, we need not address whether appellee's traditional motion for summary
judgment was properly granted. See Tex. R. App. P. 47.1.