**AFFIRM; Opinion Filed October 31, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-01169-CV

### JAMES PHELPS, Appellant
### V.
### CLARENCE EDSALL AND MID SOUTH TRANSPORT, INC., Appellees

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-10-07686**

## MEMORANDUM OPINION
Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice Evans

James Phelps appeals from a no-evidence summary judgment entered in favor of Clarence Edsall and Mid South Transport, Inc. On appeal, Phelps contends the trial court erred in granting appellees' no-evidence summary judgment motion because there was sufficient evidence in the trial court record to create fact issues concerning his negligence claims. We affirm.

### BACKGROUND

On November 3, 2008, Efrain Garcia's vehicle and an 18-wheeler operated by Edsall, a Mid South employee, collided on a highway. Following this initial collision, Garcia's vehicle struck Phelps's vehicle. After the vehicles came to rest, Phelps exited his vehicle to check on the

occupants of Garcia's vehicle. While walking back to his vehicle to retrieve his cell phone, Phelps was struck by a vehicle driven by Juan Teniente.

Both Phelps and Julio D. Rascon, a passenger in Garcia's vehicle, filed separate lawsuits against numerous parties, including Edsall and Mid South, for injuries sustained in the accident. Rascon's case was subsequently consolidated with Phelps's case. Appellees filed a traditional motion for summary judgment on Rascon's negligence claims. Rascon's response included an affidavit, deposition testimony and other evidence in support of his response. The trial court denied the motion. Appellees then moved for summary judgment asserting both traditional and no-evidence grounds as to Phelps's negligence claims. Among other things, Mid South and Edsall argued that Phelps failed to produce any evidence that: (1) his injuries were proximately caused by Edsall; (2) Edsall breached any duty owed to Phelps; and (3) Edsall failed to keep a proper lookout, apply brakes, maintain control over his vehicle and maintain a single lane of travel. Phelps responded to the traditional summary judgment grounds but failed to respond to the no-evidence grounds. The only evidence attached to Phelps's response consisted of two pages of his deposition testimony in which Phelps detailed his actions after the first accident. The trial court signed an order granting appellees' no-evidence motion for summary judgment. Phelps brings this appeal.[1]

## ANALYSIS

### I. Standard of Review

Once a party moves for summary judgment on the ground that no evidence exists to support one or more essential elements of a claim or defense, the non-movant must produce more than a scintilla of evidence raising a genuine issue of material fact on the challenged elements to

---

[1] Rascon settled his claims with Mid-South and Edsall and nonsuited these parties. The trial court later dismissed the case for want of prosecution as to the remaining claims.

defeat the motion. TEX. R. CIV. P. 166a(i); *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex. 1997).

The same legal sufficiency standard is applied in a no-evidence summary judgment as is applied in reviewing a directed verdict. *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 750-51 (Tex. 2003). Accordingly, the evidence is reviewed in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. *Id*. at 751.

## II.     No Evidence of Negligence

In his sole issue, Phelps contends that the trial court erred in granting appellees' no-evidence summary judgment motion because the trial court record included sufficient evidence to create fact issues concerning breach of duty and proximate cause. It is undisputed, however, that Phelps failed to identify this evidence in his response. Instead, Phelps argues that because the trial court had previously reviewed evidence Rascon submitted in response to appellees' summary judgment motion against him, the court should have applied the same evidence to appellant's case and denied summary judgment. We disagree.

Rule 166a(i) explicitly provides that in response to a no-evidence summary judgment motion, the respondent must present some summary judgment evidence raising a genuine issue of material fact on the element attacked, or the motion must be granted. Although in his response to the traditional motion for summary judgment Phelps requested the trial court to "take judicial notice of all pleadings and motions filed in this case," ordinarily a trial court is not required to search the record without guidance from a party directing the trial court to specific evidence in the record. *See Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 81 (Tex.1989) (general references to voluminous record did not direct trial court to evidence on which party

–3–

relied); *Shelton v. Sargent*, 144 S.W.3d 113, 120 (Tex. App.—Fort Worth 2004, pet. denied) (request that trial court take judicial notice of "the Court's file" insufficient to guide trial court to specific evidence relied upon); *Guthrie v. Suiter*, 934 S.W.2d 820, 826 (Tex. App.—Houston [1st Dist.] 1996, no writ) (trial court not obligated to search entire deposition attached to summary judgment response). Phelps did not meet this burden merely because the evidence exists in the trial court's file then citing for the first time on appeal the specific evidence he failed to point out to the trial court. *Saenz v. Southern Union Gas Co.,* 999 S.W.2d 490, 494 (Tex. App.—El Paso 1999, pet. denied) (holding that respondent failed to meet burden by the mere existence in the trial court's file of a response to an earlier summary judgment motion); *Fears v. Texas Bank,* 247 S.W.3d 729, 734-35 (Tex. App.—Texarkana 2008, pet. denied) (same). Accordingly, we conclude the trial court did not err when it granted appellees' no-evidence summary judgment.

## CONCLUSION

We resolve appellant's sole issue against him and affirm the trial court's order.

/David Evans/
DAVID EVANS
JUSTICE

121169F.P05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES PHELPS, Appellant

No. 05-12-01169-CV          V.

CLARENCE EDSALL AND MID SOUTH
TRANSPORT, INC., Appellees

On Appeal from the County Court at Law
No. 4, Dallas County, Texas
Trial Court Cause No. CC-10-07686.
Opinion delivered by Justice Evans.
Justices O'Neill and Lang-Miers
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees CLARENCE EDSALL AND MID SOUTH TRANSPORT, INC. recover their costs of this appeal from appellant JAMES PHELPS.

Judgment entered this 31st day of October, 2013.

/David Evans/
DAVID EVANS
JUSTICE