Donald LARNED, JR., Appellant,

v.

GATEWAY EAST, INC. d/b/a 6070 Gateway East L.P., Appellee.

No. 08–05–00093–CV.

Court of Appeals of Texas, El Paso.

Jan. 26, 2006.

Donald Larned, Jr., Amarillo, pro se.

Evelyn A. Yaeger, Gibson, McClure, Wallace & Daniels, Dallas, for Appellee.

Before BARAJAS, C.J., McCLURE, and PARKS, JJ.

## OPINION

RICHARD BARAJAS, Chief Justice.

Appellant Donald Larned, Jr., acting pro se, appeals the no-evidence summary judgment granted in favor of Appellee Gateway East, Inc. ("Gateway East"). On appeal, Appellant contends the trial court erred by granting summary judgment in favor of Gateway East. We affirm the judgment of the trial court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On the morning of October 18, 2000, Appellant and Ms. Barbara Tovar[1] were leaving the offices of their employer, Gulf Industries, located on the fifth floor of the Reddington Building located at 6070 Surety Drive in El Paso, Texas. The Reddington Building is owned and operated by Gateway East. Appellant entered the elevator on the fifth floor, and as soon as the elevator's door closed, the elevator dropped at an extremely high speed, bouncing violently before coming to a sudden stop just a few feet from the first floor. On August 29, 2002, Appellant filed

---

1. The original petition was filed by both Appellant and Ms. Tovar. On January 18, 2005, an agreed order dismissing Ms. Tovar's claims against Gateway East was signed, leaving Appellant as the sole plaintiff in this suit.

an original petition, followed by an amended petition alleging that he suffered serious injuries as a result of Gateway East's negligence.

Gateway East responded with a general denial and subsequently filed a third-party petition against Otis Elevator Company[2] alleging that it had been sued as a result of Otis Elevator's conduct, negligent or otherwise, asserting further that they were liable for any and all damages assessed against Gateway East in the original suit. Thereafter, Otis Elevator and Gateway East entered into an agreement wherein Otis Elevator agreed to indemnify Gateway East against any judgment entered against Gateway East in the original suit and that they would further take over the defense of Gateway East in exchange for Gateway East agreeing to fully cooperate with Otis Elevator's pursuit of their defense. Gateway East then filed a motion to dismiss its third-party claim against Otis Elevator. The motion was granted, dismissing the suit against Otis Elevator on November 29, 2004. After filing a motion to substitute lead counsel for Gateway East, Gateway East filed a no-evidence motion for summary judgment. In its motion, Gateway East alleged that Appellant failed to present: (1) any evidence of any condition on the premises that created an unreasonable risk of harm; (2) any evidence of Gateway East's knowledge, or a reason why it should have known of any such condition; (3) any evidence that Gateway East failed to use ordinary care to protect Appellant from the alleged danger; (4) any evidence showing that Gateway East was the proximate cause of the alleged injuries.

At the hearing on the no-evidence summary judgment motion filed by Gateway East, Kevin Logan appeared before the court and announced that he was acting on behalf of Appellant through authority granted to him by a durable power of attorney. At the time, Appellant was incarcerated and could not be present for the hearing. At this time, it also came to light that Appellant had not filed a response to Gateway East's no-evidence motion for summary judgment. Mr. Logan indicated to the court that he did not know he was required to respond. After expressing concerns regarding Mr. Logan's ability to represent Appellant through a power of attorney and expressing a preference that Appellant be present at the hearing with counsel, the trial court nevertheless went ahead and considered the motion. Gateway East's counsel did not express any objection to Mr. Logan acting on a pro se basis for Appellant. The trial court informed Mr. Logan that without a response, it would have to grant the motion. Mr. Logan did not provide a response but rather indicated to the court that he had filed a motion to have lead counsel for Gateway East removed due to a conflict of interest. The trial court denied Mr. Logan's motion and then proceeded to grant the no-evidence summary judgment motion. This appeal follows.[3]

**2.** Otis Elevator is a New Jersey corporation responsible for the manufacturing, installation, and maintenance of the elevators in the Reddington Building.

**3.** The appeal filed with this Court was signed by Mr. Logan. In a letter dated March 4, 2005, we expressed the following to Mr. Logan:

We have filed Appellant's notice of appeal and docketing certificate. The docketing certificate designates Kevin Logan of Amarillo, Texas as Appellant's representative on this appeal, without providing a State Bar license number for Mr. Logan. Please provide the Court Mr. Logan's State Bar license number. If Mr. Logan is not licensed to practice law in the State of Texas or other state, please be advised that with limited exceptions, the practice of law is restricted to members of the State Bar. See Tex. Gov't Code Ann.

## II. DISCUSSION

We construe Appellant's issue on appeal as challenging the trial court's granting of the no-evidence summary judgment in favor of Gateway East.

A pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex.App.-Dallas 2004, pet. denied). On appeal, as at trial, the pro se appellant must properly present its case. *Id.* at 678. The rules of appellate procedure require an appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex.R.App. P. 38.1(h).

At the outset, we note that Appellant's issue is minimally briefed and does not properly preserve error for review by this Court. In making his argument, Appellant does not cite to any legal authority to support his appellate argument. *See* Tex.R.App. P. 38.1(h); *Stephens v. Dolcefino*, 126 S.W.3d 120, 125–26 (Tex.App.-Houston [1st Dist.] 2003, pet. denied); *Franz v. Katy Indep. Sch. Dist.*, 35 S.W.3d 749, 755 (Tex.App.-Houston [1st Dist.] 2000, no pet.). As stated above, Rule 38 requires Appellant to provide us with such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue. *See* Tex.R.App. P. 38.1(g); *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex.App.-Houston [1st Dist.]

2002, pet. denied); *Franklin v. Enserch, Inc.*, 961 S.W.2d 704, 711 (Tex.App.-Amarillo 1998, no pet.). This is not done by merely uttering brief conclusory statements, unsupported by legal citations. *Tesoro Petroleum Corp.*, 106 S.W.3d at 128. An issue on appeal unsupported by argument or citation to legal authority presents nothing for the court to review. *Strange*, 126 S.W.3d at 678. By presenting such attenuated, unsupported argument, Appellant waives his complaint and we overrule his single issue on appeal.

Further, having determined that Appellant's sole issue should be overruled, we note, considering the merits, we also affirm the trial court's decision.

After adequate time for discovery, a party may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. Tex.R. Civ. P. 166a(i); *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70 (Tex.App.-Austin 1998, no pet.). The motion must state the elements as to which there is no evidence, and must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact. Tex.R. Civ. P. 166a(i); *Jackson*, 979 S.W.2d at 70. The party with the burden of proof at trial thus has the burden of proof in the summary-judgment proceeding. *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*,

§§ 81.101, 81.102 (Vernon 2005); See also Tex. Pen.Code Ann. §§ 38.122, 38.123 (Vernon 2003).

We also note that the record contains a letter from Gateway East's counsel addressed to the trial court which states in relevant part the following:

I have done everything possible to accommodate Mr. Logan since he began "representing"[Appellant]. However, I would point out

to the Court that Mr. Logan is engaging in the unauthorized practice of law as defined by Texas Government Code § 81.101(a), as well as being in violation of § 81.102, which requires a State Bar Membership in order to practice law in this State.

Shortly after this Court sent the letter dated March 4, 2005 to Mr. Logan, Appellant began communicating directly with the Court and subsequently filed his appellate brief.

994 S.W.2d 830, 834 (Tex.App.-Houston [1st Dist.] 1999, no pet.).

The respondent need not "marshal its proof" as for trial and need only "point out" evidence that raises a fact issue on the challenged elements. *See* Tex.R. Civ. P. 166a(i); *Saenz v. Southern Union Gas Co.,* 999 S.W.2d 490, 493–94 (Tex.App.-El Paso 1999, pet. denied). If the respondent does not produce more than a scintilla of evidence to raise a genuine issue of material fact on the challenged element or elements, the trial court "must" grant the motion. Tex.R. Civ. P. 166a(i); *Saenz,* 999 S.W.2d at 494. In this case, it is undisputed that Appellant failed to file a response to Gateway East's no-evidence motion for summary judgment. During the hearing on the motion, there was no summary judgment evidence filed to controvert the no-evidence motion filed by Gateway East. In light of the pleadings on file and the record before us, we hold that under Tex.R. Civ. P. 166a(i), Appellant failed to meet his burden to defeat Gateway East's no-evidence summary judgment motion and as such, the trial court was required to grant the no-evidence summary judgment in favor of Gateway East. *See Saenz,* 999 S.W.2d at 494; *see also Jackson,* 979 S.W.2d at 70–71. Appellant's single issue on appeal is overruled.

Having overruled Appellant's sole issue on review, we affirm the judgment of the trial court.

PARKS, J., sitting by assignment.