COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




MARTA MARTINEZ,

                            Appellant,

v.

ATTORNEY STUART L. LEEDS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-05-00240-CV

Appeal from the

County Court at Law No. 5

of El Paso County, Texas 

(TC# 2004-4479) 




O P I N I O N

            This is an appeal from a grant of a summary judgment in favor of Appellee Stuart L. Leeds
(“Leeds”). On appeal, Appellant Marta Martinez (“Martinez”), appearing here pro se, apparently
argues (1) that the trial court erred in granting summary judgment in favor of Leeds


 and (2) that she
was denied her constitutional right to a jury trial.


 We affirm.
FACTUAL BACKGROUND
            On July 26, 2001, the Texas Department of Protective and Regulatory Services filed an
emergency removal petition against Martinez. Leeds, an El Paso attorney, was appointed as attorney
ad litem to represent Martinez in the lawsuit on September 26, 2001. On November 13, 2001, Leeds
filed a motion to withdraw as counsel of record, citing Martinez’s refusal to follow his advice and
her insistence on involving the El Paso Times newspaper (“Times”). Attached to Leeds’s motion
to withdraw was a letter allegedly faxed to the Times by Martinez, in which she accused Leeds of
being “inadequate and unprepared.” The trial court granted Leeds’s motion to withdraw and
appointed substitute counsel to represent Martinez. Thereafter, on January 31, 2002, Martinez
executed an affidavit of voluntary relinquishment of her parental rights.
            On October 21, 2004, Martinez, appearing pro se, filed “PLAINTIFF’S SECOND
ORIGINAL PETITION UNDER FOUR YEAR STATUTE OF LIMITATIONS WITH NEW
GROUNDS.” Although it is not entirely clear, Martinez apparently filed suit against Leeds for
claims including legal malpractice, breach of contract, defamation, and violation of her constitutional
rights, seeking approximately $50,000 in damages. Leeds filed an answer on November 5, 2004. 
On May 4, 2005, Leeds filed both a traditional and a no-evidence motion for summary judgment. 
The trial court granted both the traditional and the no-evidence summary judgments in favor of
Leeds, and Martinez filed her notice of appeal.STANDARDS OF REVIEW
            The standards for reviewing traditional and no-evidence summary judgment rulings are
well-established. The movant for traditional summary judgment has the burden of showing there
is no genuine issue of material fact and that he is entitled to judgment as a matter of law. See Tex.
R. Civ. P. 166a(c); Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985);
Duran v. Furr’s Supermarkets, Inc., 921 S.W.2d 778, 784 (Tex. App.--El Paso 1996, writ denied). 
When a defendant is the movant for summary judgment, he must either disprove at least one element
of the plaintiff’s theory of recovery or conclusively establish all essential elements of an affirmative
defense. Science Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997); City of Houston v.
Clear Creek Basin Auth., 589 S.W.2d 671, 678-79 (Tex. 1979).
            Once the defendant establishes his right to summary judgment as a matter of law, the burden
shifts to the plaintiff to present evidence raising a genuine issue of material fact, thereby precluding
summary judgment. City of Houston, 589 S.W.2d at 678-79. In determining whether there is a
disputed material fact issue precluding summary judgment, all evidence favorable to the non-movant
must be taken as true and all reasonable inferences, including any doubts, must be resolved in the
non-movant’s favor. Nixon, 690 S.W.2d at 548-49; DeLuna v. Guynes Printing Co., 884 S.W.2d
206, 208 (Tex. App.-- El Paso 1994, writ denied).
            A no-evidence summary judgment under Rule 166a(i) is essentially a pretrial directed verdict,
and we therefore apply the same legal sufficiency standard in reviewing a no-evidence summary
judgment as we apply in reviewing a directed verdict. Wyatt v. Longoria, 33 S.W.3d 26, 31 (Tex.
App.--El Paso 2000, no pet.). The party moving for no-evidence summary judgment must assert that
there is no evidence of one or more essential elements of a claim or defense on which the
non-movant would have the burden of proof at trial. See Tex. R. Civ. P. 166a(i). The burden then
shifts to the non-movant to produce evidence raising a fact issue on the challenged elements. See
id. To raise a genuine issue of material fact, the non-movant must set forth more than a scintilla of
probative evidence as to an essential element of his claim or defense. See id.; Merrell Dow Pharms.,
Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997), cert. denied, 523 U.S. 1119 (1998).
            More than a scintilla of evidence exists when the evidence “rises to a level that would enable
reasonable and fair-minded people to differ in their conclusions.” Havner, 953 S.W.2d at 711. Less
than a scintilla of evidence exists when the evidence is “so weak as to do no more than create a mere
surmise or suspicion” of the existence of a fact, and the legal effect is that there is no evidence. 
Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983). As with a traditional summary
judgment, we view the evidence in the light most favorable to the non-movant, disregarding all
contrary evidence and inferences. See Havner, 953 S.W.2d at 711. When both traditional and no-evidence motions for summary judgment are filed, the reviewing court must uphold the summary
judgment if it can be sustained under either method. Ketter v. ESC Med. Sys., Inc., 169 S.W.3d 791,
799 n.3 (Tex. App.--Dallas 2005, no pet.).
DISCUSSION
            As a preliminary issue, we must point out that, when a party appears pro se, that party is held
to the same standards as a licensed attorney and must comply with all applicable laws and rules of
procedure. Sweed v. City of El Paso, 195 S.W.3d 784, 786 (Tex. App.-- El Paso 2006, no pet.). If
pro se litigants were not required to comply with applicable rules of procedure, they would be given
an unfair advantage over those parties which are represented by counsel. Greenstreet v. Heiskell,
940 S.W.2d 831, 835 (Tex. App.--Amarillo 1997, no writ). Accordingly, no allowance is made
because a litigant is not an attorney. Foster v. Williams, 74 S.W.3d 200, 202 (Tex. App.--Texarkana
2002, pet. denied).
            In Issue One, Appellant apparently argues that the trial court erred in granting summary
judgment in favor of Leeds. We note that, pursuant to the Rules of Appellate Procedure, Martinez’s
brief must contain a clear and accurate statement of the arguments made in the body of the brief with
appropriate citations to authorities and to the record. Tex. R. App. P. 38.1(h). Rule 38 requires
Martinez to provide this Court with such discussion of the facts and the authorities relied upon as
may be requisite to maintain her point at issue. Sweed, 195 S.W.3d at 786. Brief, conclusory
statements, unsupported by argument or citation to legal authority, are insufficient to comply with
these requirements and present nothing for this Court to review. See id. In her brief, Martinez
makes only conclusory accusations, unsupported by either discernable argument or citation to legal
authority. Accordingly, Appellant has presented nothing for this Court to review.
            Regardless, in this case, we note that Leeds filed both traditional and no-evidence summary
judgment motions, and the trial court’s order specifically granted both. Martinez’s only response
to the summary judgment motions was to file an unverified “MOTION FOR CONTIUNANCE
WITH APPLICATION; PLAINTIFF’S MOTION TO DISMISS NO-EVIDENCE SUMMARY
JUDGMENT; & PLAINTIFF’S MOTION FOR SCOPE OF DISCOVERY.”


 Here, we need only
address the propriety of the no-evidence summary judgment motion. This is because when a party
moves for both a traditional and a no-evidence summary judgment, we first review the trial court’s
summary judgment under the no-evidence standards of Rule 166a(i). Ford Motor Co. v. Ridgway,
135 S.W.3d 598, 600 (Tex. 2004). If Martinez failed to produce more than a scintilla of evidence
raising a genuine fact issue on the challenged elements of her claims, then we need not address
whether the trial court should have granted Leeds’s traditional summary judgment motion. See id.
            Unlike a traditional summary judgment motion, when a party files a no-evidence summary
judgment motion, the burden shifts to the non-movant to specifically point out evidence raising a fact
issue. Saenz v. Southern Union Gas Co., 999 S.W.2d 490, 493 (Tex. App.--El Paso 1999, pet.
denied). Although the non-movant is not required to “needlessly duplicate evidence already found
in the court’s file,” she is required to make sure the evidence is properly before the trial court for its
consideration in ruling on the motion for summary judgment. Id. at 494. Martinez did not respond
to Leeds’s no-evidence summary judgment motion. When the non-movant fails to meet her burden
of producing evidence raising a genuine issue of material fact, the trial court must grant the movant’s
no-evidence motion. See Tex. R. Civ. P. 166a(i); Larned v. Gateway E., Inc., 186 S.W.3d 597, 601
(Tex. App.--El Paso 2006, no pet.). Because the trial court properly granted Leeds’s no-evidence
summary judgment motion, Issue One is overruled.
            In Issue Two, Martinez seems to argue that, when the trial court granted summary judgment
in favor of Leeds, she was denied her constitutional right to a jury trial. Any constitutional
challenges not expressly presented to the trial court by written motion, answer, or other response to
a motion for summary judgment will not be considered on appeal as grounds for reversal. City of
San Antonio v. Schautteet, 706 S.W.2d 103, 104 (Tex. 1986). In any event, when there is no genuine
issue of material fact, a trial court’s grant of summary judgment does not violate a party’s
constitutional right to a jury trial. Bliss v. NRG Indus., 162 S.W.3d 434, 437 (Tex. App.--Dallas
2005, pet. denied); Springer, 115 S.W.3d at 586. Issue Two is overruled.
            We affirm the trial court’s judgment.

                                                                        KENNETH R. CARR, Justice
March 15, 2007

Before Carr, J., Ables, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.), sitting by assignment
Ables, J., sitting by assignment