COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS





EDWARD GUY WALKER and

MANUEL CONTRERAS,


 Appellants,


v.


PRESIDIUM INC., 

HERTZ CORPORATION, and

HERTZ CLAIM MANAGEMENT
COMPANY,


 Appellees. 

§


 


§


 


§


 


§


 


§



§


 §




No. 08-07-00113-CV



Appeal from


 County Court at Law No. 6


of El Paso County, Texas


(TC # 2002-1262)




O P I N I O N



 Edward Walker and Manuel Contreras, collectively referred to as Appellants, appeal from
a summary judgment granted in favor of Hertz Corporation and Hertz Claim Management Company
(Hertz). For the reasons that follow, we affirm.

FACTUAL SUMMARY


 On April 1, 2000, Edward Walker rented a car from Hertz at the El Paso International
Airport. At the same time, Walker purchased a Liability Insurance Supplement (LIS):

 Within the limits stated in this paragraph, Hertz will indemnify, hold harmless and
defend you and any Authorized Operators FROM AND AGAINST LIABILITY TO
THIRD PARTIES, WHICH BY DEFINITION EXCLUDES ANY OF YOUR OR
ANY AUTHORIZED OPERATOR'S FAMILY MEMBERS RELATED BY
BLOOD, MARRIAGE OR ADOPTION RESIDING WITH YOU OR THEM, FOR
BODILY INJURY INCLUDING DEATH AND PROPERTY DAMAGE. THE
LIMITS OF THIS PROTECTION, INCLUDING OWNER'S LIABILITY, ARE THE
SAME AS THE MINIMUM LIMITS REQUIRED BY THE AUTOMOBILE
FINANCIAL RESPONSIBILITY LAW OF THE JURISDICTION IN WHICH THE
ACCIDENT OCCURS, UNLESS HIGHER LIMITS APPLY FOR THE CDP
NUMBER RATE SHOWN ON THE RENTAL RECORD, IF THE ACCIDENT
RESULTS FROM THE USE OF THE CAR AS PERMITTED BY THE
AGREEMENT. (THE HERTZ OPTIONAL SERVICES BROCHURE
AVAILABLE AT ANY RENTAL LOCATION SHOWS EACH STATE'S LIMIT). 
This will conform to the basic requirements of any applicable 'NO FAULT' law
BUT DOES NOT INCLUDE 'UNINSURED MOTORIST', 'UNDERINSURED
MOTORIST', 'SUPPLEMENTARY NO FAULT' AND ANY OTHER OPTIONAL
COVERAGE. TO THE EXTENT PERMITTED BY LAW, HERTZ AND YOU
HEREBY REJECT THE INCLUSION OF ANY SUCH COVERAGE. If such
protection is imposed by operation of law, then the limits of such protection will be
the minimum required for primary coverage by the law of the jurisdiction in which
the accident occurred. 


 To fulfill its obligations, Hertz purchased a Texas Automobile Rental Liability Excess Policy
from Reliance Insurance Company. The policy provided insurance to Hertz and any person who
elected to purchase the LIS as part of the rental agreement. The policy stated that Reliance would
"pay damages which a 'covered person' is legally entitled to recover from the owner or operator of
an 'uninsured motor vehicle' because of bodily injury sustained by a 'covered person' . . . ." The
policy defined "covered person" as "the renter" and "any other person occupying the rental vehicle." 
An "uninsured motor vehicle" was defined to include a "hit and run vehicle whose operator or owner
cannot be identified and which hits (1) the renter, authorized driver, or any family member of either,
(2) a vehicle which the renter, authorized driver, or any family member of either are occupying, or
(3) the rental vehicle. This policy also provided Personal Injury Protection (PIP). Coverage was
provided regardless of fault, but only for reasonable and necessary medical expenses and 80 percent
of a covered person's loss of income and employment. 

 On April 2, 2000, Walker and his passenger, Contreras, were involved in an accident and
both men submitted claims for PIP benefits. In his claim, Walker stated that the accident occurred
when he ran into a ditch after swerving to avoid an oncoming vehicle. Contreras gave a similar
account of the accident--they swerved to avoid a car coming in their path and ran off the road into
a ditch. Hertz accepted the PIP claims, but on June 1, 2000, it denied the claims for uninsured
motorist benefits on the basis that the other vehicle did not hit the rental vehicle. 

 On March 29, 2002, Appellants filed a negligence suit against Hertz and other defendants
to recover damages for their personal injuries. (1) In contrast to their previous statements, both men
alleged that the accident occurred when Walker "swerved to his right to avoid a collision, collided
with the other vehicle and because of the collision ended up driving into a ditch and striking a
fence." They alleged the other driver was uninsured under the terms of the policy because he could
not be found and identified. The petition claimed that Appellants sustained personal injuries as a
result of the accident. The only damages they sought to recover was for their personal injuries. 

 In January 2005, Walker and Contreras filed separate amended petitions which made
identical factual allegations as to how the accident occurred, the negligence of the other driver, the
personal injuries they sustained, and their damages. Walker contended that Hertz breached its duty
under the rental agreement to provide him with uninsured motorist coverage and $1 million in
liability coverage. He sought actual damages, expectancy damages, consequential damages and
restitution, along with attorney's fees. Similarly, Contreras alleged Hertz breached its obligation to
provide uninsured motorist coverage and to provide Walker with $1 million in liability insurance. 
But he did not seek damages for the breach.

 On November 15, 2006, Walker and Contreras jointly filed a second amended petition raising
negligence and breach of contract causes of action. Their factual allegations were identical to those
made in their earlier petitions, including how the accident occurred and the personal injuries they
sustained in the accident. They additionally alleged that Hertz falsely represented to Walker that the
insurance he purchased "covered everything." Based on this representation, Appellants asserted new
claims for negligent misrepresentation, breach of express or implied warranties, and deceptive trade
practices. The trial court granted Hertz's motion to strike the second amended petition on the ground
that it operated as a surprise and prejudiced the company. 

 On February 15, 2007, Appellants filed a third amended petition making the same factual
allegations raised in their previous petitions. Once again, they alleged that Hertz falsely represented
to Walker that the insurance he purchased "covered everything." Based on this representation,
Appellants raised claims for negligent misrepresentation, fraudulent inducement, breach of express
or implied warranties, and deceptive trade practices. They also stated claims for unfair claims
settlement practices, breach of the duty of good faith and fair dealing, and violation of the prompt
payment provisions of the Texas Insurance Code. 

 In addition to their claims made against Hertz, Appellants sought to recover uninsured
motorist benefits from Allstate on the basis of a policy covering Walker's wife's vehicle. Allstate
filed a motion for summary judgment alleging there was no evidence that there had been physical
contact between the rental vehicle and the vehicle driven by the hit and run motorist, and no evidence
that Appellants had satisfied all conditions precedent to recover under the Allstate policy. The trial
court granted the motion for summary judgment without specifying the basis for its ruling. 
Appellants filed notice of appeal but this court granted their motion to dismiss because the order was
not a final judgment. (2) Edward Guy Walker and Manuel Contreras v. Presidium, Inc., Hertz
Corporation, Hertz Claim Management Company, and Allstate Indemnity Company, No.
08-06-00027-CV, 2006 WL 2517069 (Tex.App.--El Paso Aug. 31, 2006, no pet.)(memorandum
opinion). Thus, the judgment in favor of Allstate became final.

 In a joint motion, Presidium and Hertz moved for summary judgment on both traditional and
no-evidence grounds. The trial court granted summary judgment in favor of these defendants on all
claims without specifying the basis for its ruling. Appellants timely filed notice of appeal from the
summary judgment granted in favor of Presidium, Inc. and Hertz. 

PRESIDIUM, INC.


 Appellants have raised four issues specifically challenging the summary judgment granted
in favor of the two Hertz defendants, but they have not raised any issues pertinent to Presidium. In
fact, their brief shows the style of the case as Edward Walker and Manuel Contreras v. Hertz
Corporation and Hertz Claim Management Company. Because they have waived any complaint
about the summary judgment granted in favor of that defendant, we affirm the summary judgment
granted in favor of Presidium.

HERTZ


 Hertz based its summary judgment motion on both traditional and no-evidence grounds. See
Tex.R.Civ.P. 166a(c) and 166a(i). Because the trial court granted summary judgment without
specifying the basis for the ruling, we must affirm if any of the grounds are meritorious. Western
Investments, Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005).

Breach of Contract -- Failure to Provided Uninsured Motorist Coverage


 In Issue Four, Appellants challenge the implied granting of the summary judgment on no-
evidence grounds. Hertz's no-evidence motion included a challenge to each element of the breach
of contract cause of action. Appellants characterize the motion as an improper "shotgun" motion. 
Rule 166a(i) requires that "[t]he motion must state the elements as to which there is no evidence." 
Tex.R.Civ.P. 166a(i). The moving party must specifically state the elements as to which there is no
evidence. Gray v. Woodville Health Care Center, 225 S.W.3d 613, 616 (Tex.App.--El Paso 2006,
pet. denied); see Tex.R.Civ.P. 166a(i). Rule 166a(i) does not authorize conclusory motions or
general no-evidence challenges to an opponent's case. Hertz's motion plainly lays out the elements
of the breach of contract cause of action and the specific elements of that cause of action challenged
by the motion. Hertz included argument and offered evidence relevant to the challenged element. 
The motion thus complies with Rule 166a(i).

 When reviewing a no-evidence motion for summary judgment, we must disregard all contrary
evidence and inferences, and review the evidence in the light most favorable to the non-movants. 
King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003). Once the moving party
specifically states the elements as to which there is no evidence, the burden shifts to the non-movants
to produce summary judgment evidence raising a genuine issue of material fact regarding each
element challenged. Gray, 225 S.W.3d at 616. If the non-movants produce more than a scintilla of
evidence regarding the challenged element, a genuine issue of material fact is raised. Id. Less than
a scintilla of evidence exists if the evidence is so weak as to create no more than a mere surmise or
suspicion. King Ranch, Inc., 118 S.W.3d at 751. However, when the evidence rises to a level that
enables reasonable minds to differ in their conclusions, then more than a scintilla of evidence exists. 
Id. If the non-movants do not produce more than a scintilla of evidence to raise a genuine issue of
material fact, the trial court "must" grant the motion. Larned v. Gateway East, Inc., 186 S.W.3d 597,
601 (Tex.App.--El Paso 2006, no pet.); see also Tex.R.Civ.P. 166a(i).

 Appellants sued Hertz for breach of contract based on their allegation that Hertz breached
the rental agreement and the LIS by failing to provide Walker with the coverage he purchased,
including uninsured motorist coverage. (3) Hertz's no-evidence motion challenged each element of the
breach of contract claim. The elements of a claim for breach of contract are: (1) the existence of a
valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract
by the defendant; and (4) damages to the plaintiff resulting from that breach. Abraxas Petroleum
Corp. v. Hornburg, 20 S.W.3d 741, 758 (Tex.App.--El Paso 2000, no pet.): Prudential Securities,
Inc. v. Haugland, 973 S.W.2d 394, 396 (Tex.App.--El Paso 1998, pet. denied). Appellants did not
produce any evidence that Hertz breached the rental agreement by failing to provide the insurance
coverage that it agreed to provide. To the contrary, Hertz produced a summary judgment affidavit
by Don Bailey, custodian of records for Hertz Claims Management Company, stating that all
coverages requested by Walker were purchased by Hertz. Bailey attached to his affidavit the policy
purchased from Reliance Insurance Company on behalf of Walker. That policy included uninsured
motorist coverage. Because Appellants did not produce any evidence that Hertz failed to provide
Walker with the insurance coverage he purchased, the trial court properly granted summary judgment
on the breach of contract claim. Issue Four, as it pertains to the breach of contract cause of action,
is overruled.

Limitations


 In their third amended petition, Appellants alleged the following claims in addition to the
negligence claim: breach of contract, negligent misrepresentation, fraud and fraudulent inducement,
breach of express or implied warranty, DTPA violations, unfair claims settlement practices, breach
of duty of good faith and fair dealing, and violation of the prompt payment statute. These causes
of action were based upon Hertz's denial of their claims for uninsured motorist benefits. Hertz filed
a traditional summary judgment motion on the ground that the breach of contract and extra-contractual claims are barred by limitations.

 The standard of review for traditional summary judgment is well established. Nixon v. Mr.
Property Management Co., Inc., 690 S.W.2d 546, 548 (Tex. 1985). The moving party carries the
burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter
of law. Browning v. Prostok, 165 S.W.3d 336, 344 (Tex. 2005); Duran v. Furr's Supermarkets, Inc.,
921 S.W.2d 778, 784 (Tex.App.--El Paso 1996, writ denied). Evidence favorable to the non-movant
will be taken as true in deciding whether there is a disputed issue of material fact. Fort Worth
Osteopathic Hosp., Inc. v. Reese, 148 S.W.3d 94, 99 (Tex. 2004); Duran, 921 S.W.2d at 784. All
reasonable inferences, including any doubts, must be resolved in favor of the non-movant. Id.;
Duran, 921 S.W.2d at 784.

 A defendant moving for summary judgment on the affirmative defense of limitations has the
burden to conclusively establish that defense. University of Houston v. Clark, 38 S.W.3d 578, 580
(Tex. 2000); KPMG Peat Marwick v. Harrison County Housing Finance Corporation, 988 S.W.2d
746, 748 (Tex. 1999). The defendant must (1) conclusively prove when the cause of action accrued,
and (2) negate the discovery rule, if it applies and has been pled or otherwise raised, by proving as
a matter of law that there is no genuine issue of material fact about when the plaintiff discovered,
or in the exercise of reasonable diligence should have discovered, the nature of its injury. KPMG
Peat Marwick, 988 S.W.2d at 748. If the movant establishes that the statute of limitations bars the
action, the non-movant must then adduce summary judgment proof raising a fact issue in avoidance
of the statute of limitations. Id.

 Ordinarily, the statute of limitations begins to run when a particular cause of action accrues.
S.V. v. R.V., 933 S.W.2d 1, 4 (Tex. 1996); Fraga v. Drake, ---- S.W.3d ----, 2008 WL 2966989
(Tex.App.--El Paso 2008, no pet.). A cause of action generally accrues when a wrongful act causes
a legal injury regardless of when the plaintiff discovers the injury or if all resulting damages have
not yet occurred. Childs v. Haussecker, 974 S.W.2d 31, 36 (Tex. 1998). A breach of contract claim
accrues when the contract is breached. Stine v. Stewart, 80 S.W.3d 586, 592 (Tex. 2002). Causes
of action under the Insurance Code and DTPA claims based on a denial of insurance coverage or
benefits accrue on the date the insurer denies coverage. See Murray v. San Jacinto Agency, Inc., 800
S.W.2d 826, 828 (Tex. 1990)(bad faith claim); Stevens v. State Farm Fire & Casualty Company, 929
S.W.2d 665, 671 (Tex.App.--Texarkana 1996, writ denied)(Insurance Code and DTPA claims). The
limitations period for Appellants' breach of contract, fraud, and fraudulent inducement claims is four
years. Tex.Civ.Prac.&Rem.Code Ann. § 16.004 (Vernon 2002). The other extra-contractual tort
and statutory claims asserted by Appellants must have been filed within two years after they accrued. 
Tex.Bus.&Com.Code Ann. § 17.565 (Vernon 2002)(DTPA actions are subject to two year statute
of limitations); Tex.Civ.Prac.&Rem.Code Ann. § 16.003(a)(Vernon 2002)(tort claims are subject
to two year statute of limitations); Tex.Ins.Code Ann. § 541.162 (Vernon 2008)(two year statute
of limitations for unfair method of competition or unfair or deceptive act or practice claims under
the Insurance Code). (4)

 With the exception of the negligence claim pled in the original petition and the breach of
contract claim addressed in connection with Issue Four, all of Appellants' claims are based on
Hertz's denial of uninsured motorist benefits on June 1, 2000. Their breach of contract and extra-contractual tort and statutory claims accrued on June 1, 2000. They did not amend their pleadings
to include the breach of contract claim until January 12, 2005, and they did not amend their pleadings
to include the extra-contractual claims until November 2006. Relying on Section 16.068 of the Civil
Practice and Remedies Code, Appellants contend that these claims are not barred by limitations
because they relate back to the claims contained in their original petition. Section 16.068 provides
that new facts or claims raised in a subsequent pleading relate back to a timely filed pleading and are
not barred unless the amendment or supplemental pleading "is wholly based on a new, distinct, or
different transaction or occurrence." Tex.Civ.Prac.&Rem.Code Ann. § 16.068 (Vernon 2008). (5)
 
An original pleading tolls the limitation period for claims asserted in subsequent, amended pleadings
as long as the amended pleading does not allege a wholly new, distinct, or different transaction. 
Alexander v. Turtur & Associates, 146 S.W.3d 113, 121 (Tex. 2004). A transaction is defined as a
set of facts that gives rise to the cause of action premised thereon. Texas Disposal Systems Landfill,
Inc. v. Waste Management Holdings, Inc., 219 S.W.3d 563, 587 (Tex.App.--Austin 2007, pet.
denied.). Consequently, Section 16.068 will preserve the breach of contract and extra-contractual
claims only if they arose out of the same transaction as the negligence action.

 Appellants argue that all of their claims are based on the rental agreement transaction. We
disagree. The negligence cause of action asserted in the original petition relates exclusively to the
accident caused by the negligence of the unknown motorist. Appellant sought to recover damages
for their personal injuries through the insurance policy issued by Allstate. Other than alleging that
Appellants were traveling in a rental car when the accident occurred, the petition did not include any
allegations or causes of action related to the rental transaction, the purchase of insurance as part of
the rental transaction, or Hertz's denial of their claims for uninsured motorist benefits. The accident
which forms the basis for Appellants' negligence causes of action is separate from the rental
transaction. Further, the breach of contract and extra-contractual claims asserted in the amended
pleadings are based on Hertz's failure to pay insured motorist benefits, not on the accident or the
rental transaction. We conclude that the rental transaction and accident are separate from Hertz's
failure to pay insured motorist benefits. Because the breach of contract and extra-contractual claims
do not arise out of the same transaction as the negligence action, those claims do not relate back to
the original petition. Hertz conclusively established that the statute of limitations applicable to each
cause of action bars the breach of contract and extra-contractual causes of action asserted in the
amended pleadings. The trial court did not err in granting summary judgment as to these causes of
action. Issue Two is overruled. Having determined that the trial court properly granted summary
judgment in favor of Hertz on the no-evidence and limitations grounds, we will not address the
remaining arguments raised in Issues One and Three. We affirm the judgment of the trial court.





April 16, 2009 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, J., and Barajas, C.J. (Ret.)

Barajas, C.J. (Ret.), sitting by assignment

1. Appellants also filed suit against Gulf Insurance Company, Allstate Indemnity Company, and Presidium, Inc.
in addition to Hertz. Appellants non-suited their claims against Gulf and the trial court subsequently granted Allstate's
motion for summary judgment. 
2. While the appeal and motion to dismiss were pending, the trial court entered a severance order which made
the judgment in favor of Allstate appealable, but Appellants did not advise this court a severance order has been entered
nor did they seek to withdraw their voluntary motion to dismiss. 
3. Appellants' pleadings also allege Hertz breached the contract by denying Appellants' claims for uninsured
motorist benefits. This particular claim is not addressed in connection with Issue Four but will be resolved in our
discussion of Issue Two.
4. Section 541.162 provides: (a) A person must bring an action under this chapter before the second anniversary
of the following: (1) the date the unfair method of competition or unfair or deceptive act or practice occurred; or (2) the
date the person discovered or, by the exercise of reasonable diligence, should have discovered that the unfair method
of competition or unfair or deceptive act or practice occurred.

5. Section 16.068 provides: If a filed pleading relates to a cause of action, cross action, counterclaim, or
defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to
the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the
amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.