Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-11-00088-CV

Darlena **CARTER**,
Appellant

v.

Anna **JOHNSON**,
Appellee

From the County Court At Law No. 10, Bexar County, Texas
Trial Court No. 320922
Honorable Irene Rios, Judge Presiding

Opinion by: Sandee Bryan Marion, Justice

Sitting: Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed: February 15, 2012

AFFIRMED

Appellant, Darlena Carter, sued appellee, Anna Johnson, for injuries arising out of a motor vehicle accident. Following a three-day trial, the jury returned a unanimous verdict finding Carter seventy-five percent liable and Johnson twenty-five percent liable. Carter, representing herself pro se on appeal, appeals the trial court's judgment that she take nothing. We affirm.

## BACKGROUND

On April 21, 2006, Carter and Johnson were involved in a motor vehicle accident. The accident occurred when Johnson, who lived one house away from Carter, drove down the street and collided with the vehicle driven by Carter who was backing out of her driveway. Carter's two children, both minors, were in her vehicle at the time of the accident.

Later that year, Carter retained an attorney and filed a cause of action against Johnson for personal injuries she and her children sustained as a result of the collision. Over the next few years, the case was reset numerous times as a result of Motions for Continuance filed by Carter. Ten months prior to trial, the trial court granted the motion of Carter's attorney to withdraw because of "irreconcilable conflict of interests." Thereafter, Carter represented herself pro se and filed yet another motion for continuance after the trial court granted Johnson's motion to compel discovery responses from Carter and her children. This time, the trial court denied Carter's motion for continuance and her request for an extension of time to respond to discovery.

On January 13, 2011, Carter filed a motion to abate the case on the grounds that her attorney abandoned her and her children "in the late hour of the case (a few days before trial)." The next day, at the hearing on the motion, the trial court denied Carter's request for an extension of time to respond to written discovery, request for a continuance, and request for abatement. The trial court also ordered that the claims of the minor children be severed. The case finally proceeded to trial on January 18, 2011, with only Carter's claims against Johnson.

## PRO SE LITIGANT

In her first issue, Carter complains the trial court held her to a stricter standard of law than the opposing party's counsel.[1] Carter cites several instances in support of this argument and

---

[1] In this issue, Carter also complains of her trial counsel's negligence; however, we decline to review her complaints against her former attorney. *See Farmer Found. Co. v. Leach*, 680 S.W.2d 828, 830 (Tex. App.—Houston [1st

contends the trial court abused its discretion and allowed bias to influence the trial.[2] We hold a pro se litigant to the same standards as a licensed attorney and require compliance with all applicable laws and rules of procedure. *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005). On appeal, we review Carter's complaints for an abuse of discretion by the trial court. *See Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).

## A. Denial of Motions

Carter contends the trial court abused its discretion when it denied her motions for abatement and continuance after she claimed she was ill and in need of medication on the morning of the first day of trial. We disagree. At trial, Carter presented a note from her doctor restricting her from work. However, the note's date was two years old. Additionally, the trial court accommodated Carter by giving her three additional hours to fill her medications, take them, and return to trial.

Similarly, Carter asserts the trial court abused its discretion in denying her motions after her attorney withdrew on the eve of the trial. However, Carter is incorrect in asserting that her attorney "withdrew on the eve of trial" because the record indicates counsel withdrew more than ten months prior to trial. *See Moreno v. Silva*, 316 S.W.3d 815, 818 (Tex. App.—Dallas 2010, pet. denied) (deciding trial court did not abuse its discretion when counsel withdrew three months before hearing on summary judgment and client did not obtain new counsel in that time); *cf. Villegas v. Carter*, 711 S.W.2d 624, 626–27 (Tex. 1986) (noting that an abuse of discretion occurs if a trial court allows an attorney to withdraw two days before trial and the client "was not

---

Dist.] 1984, writ ref'd n.r.e.) (determining defendant's complaint against trial counsel best "lies in a malpractice action" and not as a complaint that trial court denied motion for new trial because of attorney's negligence). Instead, any arguments complaining of his negligence would lie in a malpractice action. *Id.*

[2] In response, Johnson argues Carter waived this issue on appeal because Carter did not object at trial to the alleged errors and because Carter inadequately briefed the issues. For purposes of this appeal, we will assume without deciding waiver did not occur. As such, we will address the merits of Carter's complaints.

negligent or at fault in causing his attorney's withdrawal"). Thus, we conclude Carter had sufficient time to obtain another attorney.

## B. Evidentiary Rulings

Carter next contends the trial court abused its discretion in several evidentiary rulings. She first claims the trial court abused its discretion when it did not allow her to "talk about insurance" and to introduce evidence of insurance. However, "[r]eferences to insurance which, when reasonably construed, tend to imply to the jury that the defendant is protected by insurance and will not be required to pay any judgment which may be rendered, are improper." *McGrede v. Coursey*, 131 S.W.3d 189, 194 (Tex. App.—San Antonio 2004, no pet.); *see Univ. of Tex. at Austin v. Hinton*, 822 S.W.2d 197, 201 (Tex. App.—Austin 1991, no writ) ("[A] plaintiff may not inform the jury that the defendant has insurance coverage, and a defendant may not inform the jury that a plaintiff has insurance protection.").

Next, she complains Johnson was allowed to testify about hearsay evidence regarding the police report from the accident investigation. However, Carter did not bring a hearsay objection to the attention of the trial court. Instead, Carter's objection to Johnson's testimony was "speculation." In order "[t]o preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context." *Birnbaum v. Law Offices of G. David Westfall, P.C.*, 120 S.W.3d 470, 476 (Tex. App.—Dallas 2003, pet. denied); *see* TEX. R. APP. P. 33.1. "An objection must not only identify the subject of the objection, but it also must state specific grounds for the ruling desired. Without a proper presentation of the alleged error to the trial court, a party does not afford the

trial court the opportunity to correct the error." *Birnbaum*, 120 S.W.3d at 476. As a result, Carter did not preserve this complaint.

Carter also complains she was not allowed to bring Johnson's insurance appraisal into evidence. At trial, Johnson objected to this evidence and the trial court sustained the objection. The Texas Rules of Evidence require, as a predicate to admissibility, that evidence be properly authenticated or identified. *See* TEX. R. EVID. 901. In other words, the proponent must show the trial court that the document or evidence in question is what he purports it to be. *See id.* at 901(a); *Miles v. Ford Motor Co.*, 922 S.W.2d 572, 597 (Tex. App.—Texarkana 1996), *aff'd in part and rev'd in part on other grounds,* 967 S.W.2d 377 (Tex. 1998); *Silva v. State*, 989 S.W.2d 64, 67–68 (Tex. App.—San Antonio 1998, pet. ref'd). Here, Carter did not properly authenticate the document; therefore, the trial court did not abuse its discretion in denying the appraisal into evidence.

Carter next complains she was not able to present evidence of Johnson's prior driving record and whether she had previously been involved in other accidents. However, the Rules of Evidence prohibit a party from bringing up "[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." TEX. R. EVID. 404(b). Thus, the trial court did not abuse its discretion when it prohibited Carter from questioning Johnson about her prior driving record.

Also, Carter complains the trial court prohibited her from using her medical records during closing arguments. However, this complaint is not preserved for our review because it was not sufficiently raised at trial. *See* TEX. R. APP. P. 33.1 ("As a prerequisite to presenting a complaint for appellate review, the record must show . . . the complaint was made to the trial court by a timely request, objection, or motion that . . . stated the grounds for the ruling that the

complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint.").

Carter makes her final evidentiary challenge complaining that the trial court did not allow her to admit certain drawings or sketches into evidence. A review of the record shows the trial court denied her request to mark or draw on an exhibit because it was already admitted into evidence. As such, we conclude the trial court did not abuse its discretion by denying Carter's request to mark or draw on a previously admitted exhibit.

## C. Jury Empanelment

Next, Carter contends the trial court abused its discretion when it improperly impaneled a juror because the juror and Johnson both worked as teachers in San Antonio and the juror stated she was familiar with Johnson. However, the record reveals that Carter never challenged the juror for cause or notified the court of any error with regard to jury selection. *See Ortiz v. Ford Motor Credit Co.*, 859 S.W.2d 73, 75 (Tex. App.—Corpus Christi 1993, writ denied) (recognizing that complaining party must notify court of potential error with objectionable jurors and before exercise of peremptory strikes). Additionally, Carter never used a peremptory strike on the juror. As a result, we conclude Carter cannot raise this issue for the first time on appeal because she did not preserve the alleged error at trial. *Hallett v. Houston Nw. Med. Ctr.*, 689 S.W.2d 888, 890 (Tex. 1985) ("[T]he complaining party waives any error by not timely bringing such error to the attention of the trial court prior to making his peremptory challenges. A party cannot wait until the trial is finished, then seek to reverse an unfavorable verdict by complaining of an error which the trial court could have corrected had it been timely informed of the error.").

Because Carter accepted the role of a pro se plaintiff, she had the obligation to comply with all applicable laws and rules of procedure. *Larned v. Gateway East, Inc.*, 186 S.W.3d 597,

600 (Tex. App.—El Paso 2006, no pet.); *see Allen v. Rushing*, 129 S.W.3d 226, 231 (Tex. App.—Texarkana 2004, no pet.). This is the same requirement as on any licensed attorney. *Larned*, 186 S.W.3d at 600. We conclude the trial court did not abuse its discretion and did not hold Carter to a stricter standard than a licensed attorney.

## JURY CHARGE ERROR

Carter next complains of jury charge error because the trial court refused to submit her requested instruction on the "eggshell skull doctrine" and her requested definitions of "ordinary prudence," "asymptomatic," "dormant," "pre-existing injury," and "punitive damages." The record shows the instructions on the eggshell skull doctrine and punitive damages were denied because they were incorrect statements of the law. *Traylor v. State*, 43 S.W.3d 725, 730 (Tex. App.—Beaumont 2001, no pet.) ("A trial court should refuse an instruction which is vague and misleading and which does not properly state the law."). Additionally, the instruction on ordinary prudence was denied because the trial court determined it was "not necessary to define." *See Campbell v. State*, 125 S.W.3d 1, 9 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (noting a court is only required to "include definitions for terms used in the charge that have a technical or legal meaning apart from the meaning in ordinary usage"). As for the other definitions, we note "[t]he trial court has great latitude and considerable discretion to determine necessary and proper jury instructions." *Lousiana-Pac. Corp. v. Knighten*, 976 S.W.2d 674, 676 (Tex. 1998). The goal of the charge is to submit the issues "logically, simply, clearly, fairly, correctly," and in a complete fashion. *Campbell*, 125 S.W.3d at 9 ("Simplicity in the jury charge must be an overriding concern."). As such, the trial court has considerable discretion as long as the charge is legally correct. *Id.* We conclude the trial court did not err in refusing to submit Carter's requested instructions and definitions.

Carter also complains the trial court erred in submitting an unavoidable accident instruction and a sudden emergency instruction in the jury charge. However, the jury charge, as submitted, does not contain either instruction. Instead, the charge was taken directly from the Texas Pattern Jury Charges and did not contain any instructions concerning unavoidable accident or sudden emergency. *See* State Bar of Tex., *Texas Pattern Jury Charges—General Negligence* PJC 2.1, 2.4, 4.1, 4.3 (2010). We conclude these complaints are without merit.

## SUFFICIENCY OF THE EVIDENCE

We liberally construe Carter's next issue on appeal as raising a sufficiency of the evidence challenge. It is not clear from her brief whether it is a legal or factual sufficiency challenge. However, because Carter did not file a motion for new trial, we decline to review the complaint for factual sufficiency. TEX. R. CIV. P. 324 (stating appellant cannot challenge factual sufficiency of evidence without first raising the point in motion for new trial). The test for legal sufficiency is "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). In making this determination, we credit favorable evidence if a reasonable fact-finder could, and disregard contrary evidence unless a reasonable fact-finder could not. *Id.* If the evidence falls within the zone of reasonable disagreement, then we may not substitute our judgment for that of the factfinder. *Id.* at 822. The fact-finder is the sole judge of the credibility of the witnesses and the weight to give their testimony. *Id.* at 819.

Here, there was ample evidence to support the jury's verdict in finding Carter and Johnson comparatively negligent. Johnson presented testimony and evidence depicting and supporting her assertion that Carter was more negligent in causing the accident. She provided photos of the vehicles, accident scene, and sketches of how the accident occurred. Carter also

presented her own evidence of how the accident occurred, including the testimony of Sharon Johnson, who is unrelated to the appellee and who was a witness to the accident. Although Carter's and Sharon's testimony is in conflict with Johnson's testimony, the jury was the ultimate judge of the credibility of the witnesses and the weight to give their testimony. *Id.* Based on a review of the evidence, we conclude the evidence is legally sufficient to support the jury's finding that Carter was seventy-five percent negligent and Johnson was twenty-five percent negligent.

## CONCLUSION

We overrule Carter's issues on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice