

NUMBER 13-10-217-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

DAVID CROSSLAND AND MICHELLE CROSSLAND,      Appellants,

v.

CATHY BERRY LANGE A/K/A/
CATHY BERRY GEARY,                           Appellee.

**On appeal from the 347th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Vela
Memorandum Opinion by Justice Vela**

This is an appeal from the grant of a no-evidence summary judgment in favor of

appellee, Cathy Berry Lange A/K/A Cathy Berry Geary (Cathy), and against appellants,

David and Michelle Crossland (the "Crosslands"). By three issues, the Crosslands urge

that the no-evidence motion for summary judgment was improper because it attacked the entire indemnity claim rather than its specific elements, it raised a legal issue that cannot be determined in a no-evidence proceeding; and, that they sufficiently controverted the motion. In reply, Cathy urges that the appeal is moot, or alternatively, the trial court was correct in granting her no-evidence motion for summary judgment. We reverse and remand.

## I. BACKGROUND

Allen Lawrence Berry[1], Cathy's ex-husband, filed suit against the Crosslands, asserting a claim for equitable title in property purchased by the Crosslands from an individual named Timothy Lange who had purchased the property from Cathy. When Cathy and Berry divorced, Cathy was awarded the home, located at 4405 High Ridge in Corpus Christi, Texas. Berry transferred his interest in the property to Cathy by deed dated October 26, 1998. That deed contained language that Berry contended reserved a right of first refusal, if she decided to sell the property. Specifically, it stated, in part: "Cathy Berry grants to Allen Lawrence Berry a right to purchase this property upon the same terms and price as any other good faith offer received by Cathy Berry."

In 2005 Cathy transferred the High Ridge property to Tim Lange, and he sold the property to the Crosslands in 2006. The 2005 deed from Cathy to Lange provided:

> Grantor hereby binds Grantor and Grantor's heirs, executors, administrators, successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors, assigns against every person whomsoever lawfully claiming or to claim the same of any or any part thereof . . . .

---

[1]Berry is not a party to this appeal.

2

Berry claimed in his petition filed against the Crosslands that he was "directly damaged by never having been provided the option to purchase the residential property and here asserts his equitable title in the property." The Crosslands then filed a third party action against Cathy, pleading that Cathy was liable to the Crosslands for any and all sums they may be compelled to pay to Berry as a result of the occurrence made the basis of Berry's suit or for any loss they may suffer as a result of Berry's claims.

In response, Cathy filed a general denial and affirmative defenses of lack of standing and estoppel. Thereafter, she filed a no-evidence motion for summary judgment on the Crosslands' claim for indemnity. Cathy urged that the Crosslands failed to "tender a scintilla of evidence to establish a right to indemnity" from her. The Crosslands responded by stating that "equity would require that in the event it is determined that [Berry] is entitled to a constructive trust for some amount of damages against the [Crosslands'] legal title, in order to avoid unjust enrichment to [Cathy] as a result of her contractual duty of disclosure to [Berry] that [Crosslands] should be indemnified for that liability to [Berry]."

The trial court granted Cathy's no-evidence summary judgment, which was premised solely on the claim that the Crosslands failed to tender any evidence showing that they had a right to indemnity from Cathy. The no-evidence summary judgment remained an interlocutory order. Thereafter, Berry brought Cathy back into the suit as a defendant. Cathy joined San Jacinto Title Company as a third-party defendant. Berry and Cathy resolved their dispute at mediation in June 2009.

Berry and the Crosslands went to trial in January 2010.   The jury found in favor of the Crosslands and against Berry.   The trial court stated in its final judgment that Berry's right of first refusal was not an unreasonable restraint on alienation of property and that the Crosslands were good faith purchasers for value without notice of the right of first refusal and that their title was superior and the right of first refusal was not a valid encumbrance or servitude.   After the judgment was entered, the Crosslands filed a notice of appeal.

## II. STANDARD OF REVIEW

A no-evidence motion for summary judgment is essentially a motion for pretrial directed verdict.   *Timpte Industries, Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009).   A no-evidence motion for summary judgment is appropriate when there is no evidence of one or more essential elements of a claim on which the adverse party will bear the burden of proof at trial.   TEX. R. CIV. P. 166a(i); *Scripps Tex. Newspapers, L.P. v. Belalcazar*, 99 S.W.3d 829, 840 (Tex. App.–Corpus Christi 2003, pet. denied).   The motion must be specific in challenging the evidentiary support for an element of a claim or defense. *Gish*, 386 S.W.3d at 310.   Conclusory motions or general no-evidence challenges to an opponent's case are not appropriate under this rule.   *Meru v. Huerta*, 136 S.W.3d 383, 387 (Tex. App.–Corpus Christi 2004, no pet.).   Questions of law are also inappropriate for rendition by no-evidence summary judgment.   *Franks v. Roades*, 310 S.W.3d 615, 621 (Tex. App.–Corpus Christi 2010, pet. denied); *see* Judge David Hittner & Lynne Liberato, *Summary Judgments in Texas:   State and Federal Practice*, 46 Hous. L. Rev. 1379, 1388-89 (2010).

4

### III. ANALYSIS

Cathy's no-evidence motion for summary judgment, which only stated that the Crosslands failed to establish "a right to indemnity," is a general attack on the Crosslands right to indemnity. While Cathy claims that she specifically addressed the Crosslands' lone claim for indemnity, her no-evidence motion stated only that there was not a scintilla of evidence to support the Crosslands' right to indemnity. It appears that Cathy is challenging whether the Crosslands, in fact, have a cause of action for indemnity against her. That is an issue we do not decide here. Cathy urges on appeal that upon the filing of her motion, the burden shifted to the Crosslands to come forward with evidence to raise an issue with respect to whether the Crosslands were entitled to common law indemnity, statutory indemnity, or had a contractual right to indemnity. Rule 166a(i), however, states that it is the movant who must state the specific elements for which there is no evidence. *See* TEX. R. CIV. P. 166a(i) & cmt.; *see also Pakideh v. Pope*, No. 13-08-00560-CV, 2010 WL 3820899, at *6 (Tex. App.–Corpus Christi Sept. 30, 2010, no pet.) (mem. op.). Filing special exceptions is the means by which an adverse party forces the clarification of vague pleadings or questions the legal sufficiency of a plaintiff's petition. *Fort Bend County v. Wilson*, 825 S.W.2d 251, 253 (Tex. App.–Houston [14th Dist.] 1992, no writ). Pleadings are not clarified by filing a no-evidence motion for summary judgment.

Through Cathy's summary judgment motion, she sought to determine if the Crosslands had a cause of action for indemnity. However, a no-evidence summary judgment motion is not the correct vehicle for determining a question of law. *Roades*,

5

310 S.W. 3d at 621; *see also Saenz v. S. Union Gas Co.*, 916 S.W.2d 703, 705 (Tex. App.–El Paso 1996, writ denied) (stating that special exceptions are the appropriate method for claiming that a plaintiff has failed to state a cause of action).

Here, the motion violated the requirements of rule 166a(i) because it did not set forth specifically the element or elements for which the Crosslands could produce no evidence. If Cathy was attacking the Crosslands' right to indemnity under any theory of indemnity or as a matter of law, she should have filed special exceptions to the Crosslands' pleadings. Because the motion for summary judgment was insufficient, we sustain the Crosslands' first and second issues. *See Roades*, 310 S.W.3d at 621.

## IV. MOOTNESS

Cathy argues that this case and appeal should be dismissed as moot because the Crosslands obtained a take-nothing judgment against Lawrence Berry. The final judgment in the case, between the Crosslands and Lawrence Berry, appears in the clerk's record. Berry received no property, nor was he awarded any damages from the Crosslands in his suit against them. Cathy urges that if the trial court's order granting summary judgment were reversed, there would be no issue to decide because the Crosslands won their case against Lawrence Berry, so there would be nothing for Cathy to indemnify. The Crosslands claim that because Cathy "did not furnish defense counsel under her obligation to warrant and to defend in the 2005 general warranty deed; therefore defense costs for that successful effort should be recoverable against [Cathy]."

The prohibition against deciding a controversy that is moot is based upon principles that prohibit courts from rendering advisory opinions. *See Tex. Ass'n of Bus.*

*v. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993). A case becomes moot when the issues presented are not live or when the parties lack a legally cognizable interest in the outcome. *Camarena v. Tex. Employment Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988). The judgment in the case between the Crosslands and Berry resulted in a judgment that there was not an unreasonable restraint on alienation of the property. The issue that was decided by the no-evidence motion for summary judgment was an issue between the Crosslands and Cathy regarding indemnity, and arguably a duty to defend title. The Crosslands argue that the appeal is not moot because the contract provisions of the 2005 warranty deed were covenants running with the land and are binding on subsequent purchasers. The Crosslands claimed that although they successfully defended their title and no title loss occurred, they have out-of-pocket expenses and legal fees that they contend are recoverable against Cathy because she did not defend their title.

The third-party petition filed by the Crosslands asked for indemnity based upon anything that they might have to pay Berry *or* "for any loss they may suffer as a result of Plaintiff's claims." When no special exceptions are filed, the pleadings are construed liberally in favor of the pleader. *Horizon CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000). Liberally construed in favor of the Crosslands, the pleadings arguably plead that Cathy is responsible for the costs of defense. Based on the general pleadings that are before us on appeal, the only issue that we can say with certainty was resolved is the dispute between Berry and the Crosslands. Therefore, we conclude that the case is not moot.

Cathy also argues that the case is frivolous.   Based on our earlier ruling that the no-evidence summary judgment cannot stand, we conclude that the case is not frivolous.

### V.  CONCLUSION

We reverse and remand the judgment of the trial court granting summary judgment in favor of appellee.


ROSE VELA
Justice

Delivered and filed the
9th day of December, 2010.

8