NUMBER 13-10-217-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

DAVID CROSSLAND AND
MICHELLE CROSSLAND,      Appellants,

 

v.

 

CATHY BERRY LANGE
A/K/A/ 

CATHY BERRY GEARY,                                                        
 Appellee.

                                                                                                                     
  

 

On appeal from the 347th
District Court 

of Nueces County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Vela  

Memorandum Opinion by
Justice Vela

 

This is an appeal from the grant of a
no-evidence summary judgment in favor of appellee, Cathy Berry Lange A/K/A
Cathy Berry Geary (Cathy), and against appellants, David and Michelle Crossland
(the “Crosslands”).  By three issues, the Crosslands urge that the no-evidence
motion for summary judgment was improper because it attacked the entire
indemnity claim rather than its specific elements, it raised a legal issue that
cannot be determined in a no-evidence proceeding; and, that they sufficiently
controverted the motion.  In reply, Cathy urges that the appeal is moot, or
alternatively, the trial court was correct in granting her no-evidence motion
for summary judgment.  We reverse and remand.

I.  Background

Allen Lawrence Berry[1],
Cathy’s ex-husband, filed suit against the Crosslands, asserting a claim for
equitable title in property purchased by the Crosslands from an individual
named Timothy Lange who had purchased the property from Cathy.  When Cathy and
Berry divorced, Cathy was awarded the home, located at 4405 High Ridge in
Corpus Christi, Texas.  Berry transferred his interest in the property to Cathy
by deed dated October 26, 1998.  That deed contained language that Berry
contended reserved a right of first refusal, if she decided to sell the
property.  Specifically, it stated, in part:  “Cathy Berry grants to Allen
Lawrence Berry a right to purchase this property upon the same terms and price
as any other good faith offer received by Cathy Berry.”  

In 2005 Cathy transferred the High Ridge
property to Tim Lange, and he sold the property to the Crosslands in 2006.  The
2005 deed from Cathy to Lange provided:

Grantor hereby binds Grantor and
Grantor’s heirs, executors, administrators, successors to warrant and forever
defend all and singular the property to Grantee and Grantee’s heirs, executors,
administrators, successors, assigns against every person whomsoever lawfully
claiming or to claim the same of any or any part thereof . . . .

Berry claimed in his petition filed
against the Crosslands that he was “directly damaged by never having been
provided the option to purchase the residential property and here asserts his
equitable title in the property.”  The Crosslands then filed a third party
action against Cathy, pleading that Cathy was liable to the Crosslands for any
and all sums they may be compelled to pay to Berry as a result of the
occurrence made the basis of Berry’s suit or for any loss they may suffer as a
result of Berry’s claims.

In response, Cathy filed a general
denial and affirmative defenses of lack of standing and estoppel.  Thereafter, she
filed a no-evidence motion for summary judgment on the Crosslands’ claim for
indemnity.  Cathy urged that the Crosslands failed to “tender a scintilla of
evidence to establish a right to indemnity” from her.  The Crosslands responded
by stating that “equity would require that in the event it is determined that
[Berry] is entitled to a constructive trust for some amount of damages against the
[Crosslands’] legal title, in order to avoid unjust enrichment to [Cathy] as a
result of her contractual duty of disclosure to [Berry] that [Crosslands]
should be indemnified for that liability to [Berry].”

The trial court granted Cathy’s
no-evidence summary judgment, which was premised solely on the claim that the
Crosslands failed to tender any evidence showing that they had a right to
indemnity from Cathy.  The no-evidence summary judgment remained an
interlocutory order.  Thereafter, Berry brought Cathy back into the suit as a
defendant.  Cathy joined San Jacinto Title Company as a third-party defendant. 
Berry and Cathy resolved their dispute at mediation in June 2009.  

 

Berry and the Crosslands went to trial
in January 2010.  The jury found in favor of the Crosslands and against Berry. 
The trial court stated in its final judgment that Berry’s right of first
refusal was not an unreasonable restraint on alienation of property and that
the Crosslands were good faith purchasers for value without notice of the right
of first refusal and that their title was superior and the right of first
refusal was not a valid encumbrance or servitude.  After the judgment was
entered, the Crosslands filed a notice of appeal.  

II.  Standard of Review

A no-evidence motion for summary
judgment is essentially a motion for pretrial directed verdict.  Timpte
Industries, Inc. v. Gish, 286 S.W.3d 306, 310 (Tex. 2009).  A no-evidence
motion for summary judgment is appropriate when there is no evidence of one or
more essential elements of a claim on which the adverse party will bear the
burden of proof at trial.  Tex. R. Civ.
P. 166a(i); Scripps Tex. Newspapers, L.P. v. Belalcazar, 99
S.W.3d 829, 840 (Tex. App.−Corpus Christi 2003, pet. denied).  The motion
must be specific in challenging the evidentiary support for an element of a
claim or defense.  Gish, 386 S.W.3d at 310.  Conclusory motions or
general no-evidence challenges to an opponent’s case are not appropriate under
this rule.  Meru v. Huerta, 136 S.W.3d 383, 387 (Tex. App.−Corpus
Christi 2004, no pet.).  Questions of law are also inappropriate for rendition
by no-evidence summary judgment.  Franks v. Roades, 310 S.W.3d 615, 621
(Tex. App.−Corpus Christi 2010, pet. denied); see Judge David
Hittner & Lynne Liberato, Summary Judgments in Texas:  State and Federal
Practice, 46 Hous. L. Rev. 1379, 1388-89 (2010).

III.  Analysis

Cathy’s no-evidence motion for summary
judgment, which only stated that the Crosslands failed to establish “a right to
indemnity,” is a general attack on the Crosslands right to indemnity.  While
Cathy claims that she specifically addressed the Crosslands’ lone claim for
indemnity, her no-evidence motion stated only that there was not a scintilla of
evidence to support the Crosslands’ right to indemnity.  It appears that Cathy
is challenging whether the Crosslands, in fact, have a cause of action for
indemnity against her.  That is an issue we do not decide here.  Cathy urges on
appeal that upon the filing of her motion, the burden shifted to the Crosslands
to come forward with evidence to raise an issue with respect to whether the
Crosslands were entitled to common law indemnity, statutory indemnity, or had a
contractual right to indemnity.  Rule 166a(i), however, states that it is the
movant who must state the specific elements for which there is no evidence.  See
Tex. R. Civ. P. 166a(i) &
cmt.; see also Pakideh v. Pope, No. 13-08-00560-CV, 2010 WL
3820899, at *6 (Tex. App.−Corpus Christi Sept. 30, 2010, no pet.) (mem.
op.).  Filing special exceptions is the means by which an adverse party forces
the clarification of vague pleadings or questions the legal sufficiency of a
plaintiff’s petition.  Fort Bend County v. Wilson, 825 S.W.2d 251, 253
(Tex. App.−Houston [14th Dist.] 1992, no writ).  Pleadings are not clarified
by filing a no-evidence motion for summary judgment.  

Through Cathy’s summary judgment motion,
she sought to determine if the Crosslands had a cause of action for indemnity. 
However, a no-evidence summary judgment motion is not the correct vehicle for
determining a question of law.  Roades, 310 S.W. 3d at 621; see also
Saenz v. S. Union Gas Co., 916 S.W.2d 703, 705 (Tex.
App.−El Paso 1996, writ denied) (stating that special exceptions are the
appropriate method for claiming that a plaintiff has failed to state a cause of
action).

Here, the motion violated the
requirements of rule 166a(i) because it did not set forth specifically the
element or elements for which the Crosslands could produce no evidence.  If
Cathy was attacking the Crosslands’ right to indemnity under any theory of
indemnity or as a matter of law, she should have filed special exceptions to
the Crosslands’ pleadings.  Because the motion for summary judgment was
insufficient, we sustain the Crosslands’ first and second issues.  See Roades,
310 S.W.3d at 621.

IV.  Mootness

Cathy argues that this case and appeal
should be dismissed as moot because the Crosslands obtained a take-nothing
judgment against Lawrence Berry.  The final judgment in the case, between the
Crosslands and Lawrence Berry, appears in the clerk’s record.  Berry received
no property, nor was he awarded any damages from the Crosslands in his suit
against them.  Cathy urges that if the trial court’s order granting summary
judgment were reversed, there would be no issue to decide because the
Crosslands won their case against Lawrence Berry, so there would be nothing for
Cathy to indemnify.  The Crosslands claim that because Cathy “did not furnish
defense counsel under her obligation to warrant and to defend in the 2005 general
warranty deed; therefore defense costs for that successful effort should be
recoverable against [Cathy].”

The prohibition against deciding a
controversy that is moot is based upon principles that prohibit courts from
rendering advisory opinions.  See Tex. Ass’n of Bus. v. Air
Control Bd., 852 S.W.2d 440, 444 (Tex. 1993).  A case becomes moot when the
issues presented are not live or when the parties lack a legally cognizable
interest in the outcome.  Camarena v. Tex. Employment Comm’n, 754 S.W.2d
149, 151 (Tex. 1988).  The judgment in the case between the Crosslands and
Berry resulted in a judgment that there was not an unreasonable restraint on
alienation of the property.  The issue that was decided by the no-evidence
motion for summary judgment was an issue between the Crosslands and Cathy
regarding indemnity, and arguably a duty to defend title.  The Crosslands argue
that the appeal is not moot because the contract provisions of the 2005
warranty deed were covenants running with the land and are binding on
subsequent purchasers.  The Crosslands claimed that although they successfully
defended their title and no title loss occurred, they have out-of-pocket
expenses and legal fees that they contend are recoverable against Cathy because
she did not defend their title. 

The third-party petition filed by the
Crosslands asked for indemnity based upon anything that they might have to pay Berry
or “for any loss they may suffer as a result of Plaintiff’s claims.” 
When no special exceptions are filed, the pleadings are construed liberally in
favor of the pleader.  Horizon CMS Healthcare Corp. v. Auld, 34 S.W.3d
887, 897 (Tex. 2000).  Liberally construed in favor of the Crosslands, the
pleadings arguably plead that Cathy is responsible for the costs of defense. 
Based on the general pleadings that are before us on appeal, the only issue
that we can say with certainty was resolved is the dispute between Berry and
the Crosslands.  Therefore, we conclude that the case is not moot.  

 

Cathy also argues that the case is
frivolous.  Based on our earlier ruling that the no-evidence summary judgment
cannot stand, we conclude that the case is not frivolous.

V.  Conclusion

We reverse and remand the judgment of
the trial court granting summary judgment in favor of appellee. 

  

                                                                        ROSE
VELA

                                                                                    Justice

 

Delivered and filed
the 

9th day of December,
2010.









[1]Berry is not a party to this appeal.